843 So.2d 1049 (2003)
Paul BURGUIERES, et al.
v.
Dr. O'Neill POLLINGUE, et al.
No. 2002-CC-1385.
Supreme Court of Louisiana.
February 25, 2003.
Rehearing Denied April 25, 2003.
Roger J. Larue, Jr., Michael J. Moran, Metairie, for Applicant.
Steven J. Koehler, Metairie, for Respondent.
KIMBALL, Justice.
This case involves a judgment of the court of appeal reversing the trial court's denial of defendants' exception of res judicata. For the reasons that follow, we conclude that the judgment of the court of appeal is correct insofar as it granted the exception of res judicata as to those claims arising out defendant's actions as executrix of her brother's succession. The court of appeal erred, however, in maintaining the exception as to those claims that arise not *1050 out of one of the defendant's capacity as executrix but out of an alleged breach of defendants' fiduciary duties that occurred prior to decedent's death. Because we find there is no identity of parties as to these claims and because the cause or causes of action unrelated to defendant's duties as executrix asserted in the second suit did not exist at the time of final judgment in the first litigation, we conclude application of the principles of res judicata is inappropriate.

Facts and Procedural History
William Burguieres, Sr. (hereinafter referred to as "William, Sr.") died on October 18, 1995, leaving an olographic testament. The testament was probated in the Twenty-Fourth Judicial District Court for the Parish of Jefferson and Barat B. Pollingue, the surviving sister of William, Sr., was named as executrix. After the will was probated, the decedent's children, Paul Burguieres, William Burguieres, Jr., and Dion Burguieres, filed a Petition to Nullify Olographic Will and Petition to Disqualify Executrix and Attorney for Succession and Petition to Appoint Paul Burguieres as Administrator of Succession. In this petition, the decedent's children sought to annul the testament based on William, Sr.'s lack of testamentary capacity or, alternatively, for fraud, duress and/or undue influence perpetrated by Mrs. Pollingue and persons acting in concert with her.[1] By judgment dated June 28, 1999, the trial court annulled the testament, disqualified Mrs. Pollingue as executrix, and appointed Paul Burguieres as administrator for the succession. The court of appeal affirmed the trial court's judgment, finding no error in the trial court's conclusion that William, Sr. lacked the capacity to execute a valid testament. Succession of Burguieres, 00-147 (La.App. 5 Cir. 10/18/00), 802 So.2d 660. Because of its conclusion regarding William, Sr.'s lack of testamentary capacity, the court of appeal found it unnecessary to address the trial court's ruling regarding the exertion of undue influence over William, Sr. Id. at p. 10-11, 802 So.2d at 667. The court found that because William, Sr. did not have the mental capacity to execute any valid testament, any attempts to improperly influence him were misdirected in that he could not comply with whatever suggestions were made to him. Id. at p. 11, 802 So.2d at 667.
On August 10, 2001, after the Jefferson Parish proceedings became final, decedent's children, Paul Burguieres, William Burguieres, Jr., and Dian Burguieres, filed the instant suit in Civil District Court for the Parish of Orleans against Mrs. Pollingue and her husband, Dr. O'Neill Pollingue. In their Petition for Damages and Attorneys Fees, plaintiffs alleged that defendants were liable to them for breach of their fiduciary responsibilities as trustee and curatrix and undercurator. Plaintiffs sought damages, attorney fees, and costs for the efforts they expended to have the testament declared null.
In response, defendants filed several exceptions, including an exception of res judicata.[2] In their exception of res judicata, *1051 defendants argued that plaintiffs' second lawsuit clearly arose out of the same transaction or occurrence that was the subject of the earlier Jefferson Parish lawsuit. Thus, defendants contended, the second suit is barred by Louisiana's res judicata law, which is contained in La. R.S. 13:4231.
The trial court denied defendants' exception of res judicata. The court found that the first suit sought to annul the testament based on the premise that decedent was incapacitated, while the present suit seeks damages for breach of fiduciary duty and attorney fees based on defendants' failure to fulfill their obligations. Based on these findings, the trial court concluded that the facts giving rise to the present suit created a separate and distinct cause of action and denied the exception of res judicata.
The court of appeal granted defendants' application for supervisory writs and reversed the trial court's judgment denying defendants' exception of res judicata. Burguieres v. Pollingue, 02-0232 (La.App. 4 Cir. 3/6/02), unpub'd decision. The court of appeal reviewed the requirements of the res judicata statute, La. R.S. 13:4231, and concluded that a second action is barred if it arises out of the same occurrence as the prior action. The court found that the allegations of the present suit are clearly connected to and arise out of the succession proceedings brought in Jefferson Parish. The court of appeal concluded that the present actions should have been brought at the same time the succession proceedings were being litigated. Thus, the court of appeal reversed the judgment of the trial court denying defendants' exception of res judicata.
Plaintiffs subsequently filed a request for rehearing, asking that the court of appeal clarify its decision. The court of appeal denied rehearing. Burguieres v. Pollingue, 02-0232 (La.App. 4 Cir. 4/16/02), unpub'd decision.
This court granted certiorari to review the correctness of the judgment of the court of appeal. Burguieres v. Pollingue, 02-1385 (La.10/25/02), 827 So.2d 1163.

Discussion
As a preliminary matter, plaintiffs contend the court of appeal's judgment is ambiguous in that it granted defendants' exception of res judicata, but did not dismiss the case. Plaintiffs submit they cannot ascertain whether it was the court of appeal's intent to dismiss their entire lawsuit or only those claims related to Mrs. Pollingue's actions as executrix of the succession. Although plaintiffs requested clarification of the court of appeal's judgment on rehearing, their request was denied. The portion of the court of appeal's opinion about which plaintiffs complain states:
In the case at bar, the plaintiffs seek damages and attorney fees for their efforts expended in having their father's will declared null and void. The plaintiffs assert claims concerning the defendants' actions in the handling of their father's estate before and after his death. The defendants specifically allege that Barat Pollingue violated her fiduciary duty as executrix of the decedent's estate. These actions are clearly connected to and arise out of the succession proceedings brought in the 24th JDC. These actions should have been brought at the same time the succession proceedings were being litigated. *1052 The present res judicata statute bars the pursuit of the present action filed in the Civil District Court for the Parish of Orleans. The trial court erred when it denied the defendants' exception of res judicata.
Accordingly, the defendants' writ application is denied in part and granted in part. The trial court's ruling on the exception of prescription is affirmed. However, the trial court's ruling on the exception of res judicata is reversed and the defendants' exception of res judicata is maintained.
While plaintiffs are correct in their assertion that the court of appeal did not explicitly dismiss their suit, we read the court of appeal's opinion to mandate a dismissal of their suit in its entirety. The court of appeal's opinion clearly holds that the instant lawsuit is barred by operation of La. R.S. 13:4231, the res judicata statute. We therefore construe the judgment under review as one granting defendants' exception of res judicata, thereby dismissing plaintiffs' suit in its entirety.
In anticipation of the fact that this court might interpret the court of appeal's judgment in this way, plaintiffs contend the court of appeal erred in concluding the current res judicata statute, La. R.S. 13:4231, mandates cumulation of a damage claim for pre-death breach of various fiduciary obligations with an action to annul a testament brought in a succession proceeding against a succession representative. Plaintiffs further assert that the issue of whether Mrs. Pollingue and her husband committed fraud in their capacities as trustee, curator and undercurator was neither necessary nor relevant in the nullity contest. In response, defendants argue that the court of appeal correctly determined that the instant suit is barred by res judicata as it arises out of the transaction or occurrence that was the subject matter of the prior litigation.
As amended by Act No. 521 of 1990, effective January 1, 1991, Louisiana's res judicata statute, La. R.S. 13:4231, provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The 1990 amendment to La. R.S. 13:4231 made a substantial change in the law. See La. R.S. 13:4231 cmt. a (1990). In order to appreciate the change in the law and to correctly apply the statute to the case at bar, we must begin our analysis by reviewing the history of res judicata in Louisiana.
Historically, the Louisiana doctrine of res judicata was civilian in origin. Prior to its amendment in 1990, Louisiana's res judicata legislation was derived directly from Article 1351 of the Code Napoleon. Quinette v. Delhommer, 247 La. 1121, 176 *1053 So.2d 399 (1965) (quoting State v. American Sugar Refining Co., 108 La. 603, 32 So. 965 (1902)); Albert Tate, Jr., The Work of the Louisiana Appellate Courts for the 1967-1968 TermProcedure: Civil Procedure, 29 La. L.Rev. 269, 281 (1969). The source of Article 1351 in the Code Napoleon was Pothier, Obligations, No. 889, with Pothier's work being synthesized from the Roman jurisconsults. Quinette, 247 La. at 1135-36, 176 So.2d at 404-05; Tate, 29 La. L.Rev. at 282 n. 64.
The civilian concept of res judicata is based upon a presumption of correctness. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 6 (La.7/2/96), 676 So.2d 1077, 1080; Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, p. 12 (La.1/16/96), 666 So.2d 624, 632; Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978); Peter Wilbert Arbour, Comment, The Louisiana Concept of Res Judicata, 34 La. L.Rev. 763, 764 (1974). Under this concept, the prior legislation established that a decided case precluded a second suit only if the second suit involved the same parties, the same cause, and the same object of demand as the prior suit. Avenue Plaza at p. 6, 676 So.2d at 1080; Terrebonne Fuel at p. 12, 666 So.2d at 632. In contrast to the civil law, the common law doctrine of res judicata is based on a concept of extinguishment of the cause of action. Terrebonne Fuel at p. 12, 666 So.2d at 631; Arbour, 34 La. L.Rev. at 764 (1974). Under the federal res judicata law, a judgment bars a subsequent suit if both cases involve the same parties, the prior judgment was rendered by a court of competent jurisdiction, the prior decision was a final judgment on the merits, and the same cause of action is at issue in both cases. Terrebonne Fuel at 633. Thus, as a result of our civilian heritage, Louisiana's res judicata law, at least prior to the 1990 amendment, was much narrower in scope than its common law counterpart. Terrebonne Fuel at p. 11-12, 666 So.2d at 631; Welch at 156.
Most of the controversy and confusion in Louisiana surrounding res judicata prior to the 1990 amendment concerned whether there was an "identity of cause." With the 1990 amendment to the res judicata statute, however, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action. Avenue Plaza at p. 6, 676 So.2d at 1080. See also La. R.S. 13:4231 cmt. a (1990). While this is the central inquiry under the current statute, it is not the only inquiry. A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
There is no dispute in the instant case that the first two requirements of the statute, the existence of a valid and final judgment, are met. For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. La. R.S. 13:4231 cmt. d (1990). Likewise, for purposes of La. R.S. 13:4231, a final judgment is one that disposes of the merits in whole or in part. Id. It is undisputed that the judgment in the first litigation was both valid and final, and we therefore find the first two requirements of La. R.S. 13:4231 are satisfied.
The third requirement of res judicata is that the parties in both suits are *1054 the same. Both the civilian law and the common law mandate that there must be "identity of parties" before the doctrine of res judicata can be used to preclude a subsequent suit. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits.[3]
In Louisiana prior to the 1990 amendment, it was clearly understood that res judicata applied only when both parties appeared before the court in the same capacity. Barnett v. Develle, 289 So.2d 129, 141 (La.1974); Arbour, 34 La. L.Rev. at 767; Tate, 29 La. L.Rev. at 279. This requirement was consistent with Planiol's explanation of Article 1351 of the Code Napoleon:
Is it necessary now to enter into the long explanations which are traditional here, in order to observe that the identity of the parties in the second case, which is necessary in order that the exception of res judicata may be used, does not mean the material identity of persons, but identity of capacity or quality? Thus a tutor, after having lost a case brought in the name of his ward, may recommence it in his own name, without being subject to the defense of res judicata because he is not acting in the same capacity; it is not the same person who is pleading (Cass., 28 Aug. 1849, D.50.1.57).
2 PLANIOL, TRAITEé ÉLéMENTAIRE DE DROIT CIVIL, No. 54A(4), 36 n. 30 (Louisiana State Law Institute trans., 11th ed.1939).
Similarly, federal courts have recognized that res judicata does not apply when the parties appear in different capacities. Akin v. PAFEC, Ltd., 991 F.2d 1550 (11th Cir.1993); Howell Hydrocarbons, Inc. v. Adams, 897 F.2d 183 (5th Cir.1990); Clark v. Amoco Production Co., 794 F.2d 967 (5th Cir.1986); In re: Sovereign Partners, 179 B.R. 656 (D.Nev.1995). See also 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 131.40[2][a] (3d ed. 2002) ("A person appearing in different legal capacities may bring or defend multiple actions involving the same transaction or occurrence without being bound by or entitled to the benefits of the claim preclusion doctrine."). The Restatement (Second) of Judgments states:
A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.
RESTATEMENT (SECOND) OF JUDGMENTS § 36(2) (1982). This principle is imposed to "safeguard the integrity of ... representative functions." RESTATEMENT (SECOND) OF JUDGMENTS § 36 cmt. a (1982).
Thus, in both the common law and the civil law, in order for a second suit to be barred by the doctrine of res judicata, the parties must appear in the same capacities in both suits. Although not explicitly stated in the amended statute, we find the requirement in La. R.S. 13:4231 that the parties be the same in order for a second suit to be precluded by operation of res judicata retains this "identity of capacity" component. That is, under La. R.S. 13:4231 the parties are the same when they appear in the same capacities in both suits. We reach this conclusion based on the language of La. R.S. 13:4231, the history of this requirement in the law of res judicata, and the application of the doctrine *1055 in both the civil law and common law systems.
Furthermore, when La. R.S. 13:4231 is read in para materia with other related laws, the determination that the requirement of identity of parties encompasses an identity of capacities becomes obvious. The same Act that amended La. R.S. 13:4231 in 1990 also amended La. C.C.P. art. 531 to provide:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
(Emphasis added.) The 1990 comment to this provision states the amendment was made to "conform to the changes made in the defense of res judicata." Similarly, La. C.C.P. art. 532 was amended at the same time to provide:
When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.
(Emphasis added.) Again, the 1990 comment to this provision notes that this article was amended to conform to the new res judicata law. Thus, we find that in order for a second suit to be precluded pursuant to La. R.S. 13:4231, the parties must appear in both suits in the same capacities.
The first litigation at issue involved an action to annul a probated testament brought in the succession. In this proceeding, Mrs. Pollingue appeared in her capacity as executrix of the succession of William, Sr.[4] Dr. Pollingue was not a party to the first suit. The second suit instituted by plaintiffs against Mrs. Pollingue and her husband alleges liability for breach of fiduciary duties occurring prior to William Sr.'s death as well as liability for certain acts committed as executrix. However, during oral arguments before this court, plaintiffs' counsel conceded that any claims against Mrs. Pollingue in her capacity as executrix should have been brought in the first proceeding. In light of this prudent concession, we will construe the second suit as concerning only those allegedly tortious actions committed while Mrs. Pollingue was acting as William Sr.'s trustee and curator and Dr. Pollingue acted as his undercurator.
Because the second suit concerns Mrs. Pollingue's actions prior to William Sr.'s death, it follows that the second suit does not implicate her in her capacity as executrix of his succession. We recognize this distinction is somewhat blurred because of the unique facts of this case in which Mrs. Pollingue occupied several representative and fiduciary positions over many years for her brother. These functions often appear to have overlapped, which plaintiffs' counsel recognized when he conceded that he should have brought all claims against Mrs. Pollingue arising out *1056 of her capacity as executrix in the first litigation. Nevertheless, we find that Mrs. Pollingue does not appear in the second suit in the same capacity in which she appeared in the first. Because of this difference in capacities, there is a lack of identity of the parties between the two suits. Therefore, we find the court of appeal was incorrect in granting Mrs. Pollingue's exception of res judicata as to those claims that do not arise out of her capacity as executrix. However, as plaintiffs themselves concede, the court of appeal was correct insofar as it granted Mrs. Pollingue's exception of res judicata as to those claims arising out of her capacity as executrix.
Similarly, Dr. Pollingue was neither a party to the first action, nor was he a privy to Mrs. Pollingue in her capacity as executrix. There is therefore a lack of identity of parties as to Dr. Pollingue as well. Accordingly, we find the court of appeal erred in granting Dr. Pollingue's exception of res judicata.
While the lack of the same parties present in the same capacities is fatal to defendants' exception of res judicata, we find that the court of appeal was incorrect in sustaining the exception of res judicata as to those claims not involving Mrs. Pollingue's capacity as executrix on an additional ground. For res judicata to apply, the cause or causes of action asserted in the second suit must have existed at the time of final judgment in the first litigation. In the instant case, plaintiffs' allegations that defendants breached their fiduciary duties while acting as trustee, curatrix and undercurator all arise out of the writing of William, Sr.'s testament. While it is true that any cause of action related to Mrs. Pollingue's duties as executrix of the succession were clearly in existence at the time of the finality of the first judgment, plaintiffs' claims against the Pollingues for breach of their fiduciary duties while they acted as trustee, curator, and undercurator did not arise until the will was declared null and the judgment of the court of appeal affirming the trial court's judgment of nullity became final. In the context of the facts of this particular case, it was necessary that the will contest be decided before any cause of action for breach of defendants' fiduciary duties as trustee, curator, and undercurator arose in favor of plaintiffs. Thus, the court of appeal erred in sustaining the exception of res judicata as to those claims not involving Mrs. Pollingue's actions as executrix of the succession.

Decree
For the above reasons, we find the judgment of the court of appeal is correct insofar as it granted Mrs. Pollingue's exception of res judicata as to those claims arising out of her capacity as executrix. We further find the court of appeal erred in granting the Pollingues' exception of res judicata as to those claims that do not arise out of Mrs. Pollingue's capacity as executrix. The judgment of the court of appeal is therefore affirmed in part and reversed in part and the case is remanded to the trial court for further proceedings consistent with this opinion. This opinion should not be read to express any opinion whatsoever as to the merits of plaintiffs' second suit discussed herein or as to the propriety of damages sought in that suit.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
NOTES
[1] The record indicates that William, Sr. was severely injured, both mentally and physically, in a 1965 automobile accident. Following the accident, the parents of William, Sr. established a trust for the benefit of William, Sr. and named Mrs. Pollingue as a trustee. Subsequently, William, Sr. was interdicted, and Mrs. Pollingue and her husband were appointed curatrix and undercurator, respectively.
[2] Defendants also filed exceptions of prescription and lis pendens, which were denied by the trial court. The court of appeal affirmed the trial court's ruling denying defendants' exception of prescription. Defendants did not seek review of the judgment relative to prescription and, therefore, the exception of prescription is not before this court. Likewise, the denial of the exception of lis pendens is not before this court as it was not discussed by the court of appeal and was not raised by the parties in this court.
[3] Identity of parties can also be satisfied when a privy of one of the parties is involved. Welch, 359 So.2d at 156; Arbour, 34 La. L.Rev. at 767. The concept of privity, however, is not implicated in the instant case and we need not address it at this time.
[4] In the first litigation, the trial court did conclude that Dr. and Mrs. Pollingue exercised undue influence over William, Sr. when the olographic testament was executed. However, in a judgment that is now final, the court of appeal determined it was unnecessary to reach this conclusion in light of the fact that William, Sr. lacked the mental capacity to execute any valid will.