t CANNIZZARO, J.,
dissents with reasons.
In the instant case, three different lawsuits are involved. The first suit is the executory proceeding filed by Tower. The second suit, which was filed after the exec-utory proceeding, is the suit filed by the Raos, in which they sought an injunction prohibiting Tower from selling their property at foreclosure and damages for the decline in the value of the property due to its alleged mismanagement by Tower in its role as keeper. The third suit is the instant suit, which is a suit for a deficiency judgment brought by Tower.
The cause of action in the instant suit arose when the proceeds of the sale of the property at foreclosure were distributed but were insufficient to fully satisfy the debt owed by the Raos to Tower. This cause of action arose at least six months prior to the trial in the second suit. The issue now on appeal, which is res nova, is whether the deficiency judgment is barred by the doctrine of res judicata on the ground that Tower should have asserted its claim for a deficiency in the suit that was already pending when the cause of action for a deficiency arose.
La. R.S. 13:4231 was amended effective January 1, 1991, to broaden the scope of res judicata in Louisiana. The amended statute provides in relevant part as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive *133 between the same parties, |¡>except on appeal or other direct review, to the following extent:
[[Image here]]
(2) If the judgment is in favor of the defendant [1], all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(Emphasis added) (footnote added).
At the same time that La. R.S. 13:4231 was amended, La. C.C.P. art. 1061(B) was amended to provide as follows:
The defendant in the principal action ... shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
Prior to the amendment of La. R.S. 13:4231, La. C.C.P. art. 1061(B) was permissive, even when the reconventional demand arose from the same transaction or occurrence as the principal demand.
The official comments to La. C.C.P. art. 1061(B) explain as follows the purpose of the amendment to that article:
(a) Judicial efficiency is served by requiring the defendant through a compulsory reconventional demand to assert all causes of action he may have against the plaintiff that arise out of the transaction or occurrence that is the basis for the plaintiffs action.
(b) Furthermore, if the defendant has a cause of action arising out of the subject matter of the plaintiff’s action, then the defense of res judicata will prevent relitigation of issues common to both causes of action except as otherwise provided by law.[2] The requirement of a compulsory reconventional demand therefore also serves the interest of fairness by giving the defendant notice that he must assert his related cause of action.
Comments-1990, La. C.C.P. art. 1061 (emphasis added) (footnote added).
|3I believe that La. C.C.P. art. 1061 and La. R.S. 13:4231 must be read and applied together. It is clear to me that this was the intention of the legislature when they amended La. C.C.P. art. 1061 at the same time that they amended La. R.S. 13:4213 to broaden the scope of the doctrine of res judicata. Therefore, a cause of action arising out of the same subject matter as a pending suit must be asserted in the pending suit to avoid the risk of the cause of action being res judicata. If the cause of action is not asserted and the pending suit is finally decided in favor of the defendant, all causes of action that existed at the time of the final judgment that arose out of the transaction or occurrence that was the subject matter of the pending suit are barred.
When La. C.C.P. art. 1061(B) and La. R.S. 13:4231 are read together and applied in the instant case, I believe that it is clear that the instant suit is barred by the doctrine of res judicata. Tower’s claim for a deficiency arose not only prior to final judgment in the suit by the Raos against *134 Tower, it arose at least six months prior to the trial in that case, and the final judgment in that case was in favor of Tower, the defendant.
In Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049, the Louisiana Supreme Court set forth five criteria that must be met for a matter to be considered res judicata. They are as follows:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
2002-1385, p. 8; 843 So.2d at 1053.
When the instant case is analyzed using the five-prong test set forth in Burguieres, it becomes clear that the trial court should have granted the Raos’ exception of res judicata. The judgment in the suit brought by the Raos against |4Tower is valid and final[3], and the parties in both suits are the same. Additionally, Tower’s claim for a deficiency existed at the time the judgment in the suit brought by the Raos was final. Finally, the causes of action in both suits arose out of the same transaction or occurrence. Therefore, all five criteria in the Burguieres case are satisfied.
I note that the majority argues that the foreclosure proceeding is the “first litigation” for the purpose of analyzing the facts in the instant case using the criteria established in the Burguieres case. This argument, which is based on the fact that the cause of action for the deficiency judgment arose after the Raos filed suit against Tower, makes what I think is an unfounded assumption. The majority opinion states in footnote 3 that “a reconventional demand was mandatory only for a cause of action that existed when the Raos filed suit, not for a subsequently arising cause of action.” This statement completely ignores the fourth criterion that must be met under the Burguieres case, which is that “the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation.” 2002-1385, p. 8, 843 So.2d at 1053 (emphasis added). The majority has incorrectly rewritten the fourth criterion in the Bur-guieres case. Because the majority considered the wrong case to be the “first litigation” in the analysis under Burgui-eres, their analysis is faulty, the result is incorrect, and the criteria for res judicata that have been established by the Supreme Court are not properly met.
The majority relies on two provisions of the Louisiana Code of Civil Procedure to support the position that the Raos’ exception of res judicata was properly denied by the trial court. These provisions are La. C.C.P. art. 2772, which prescribes the procedure a creditor may use to obtain a deficiency judgment, and |sLa. C.C.P. art. 1066, which addresses the procedure for asserting a reconventional demand after an answer has been filed.
The majority states that La. C.C.P. art. 2772 permits a claim for a deficiency to be brought either “in the executory proceeding as an ordinary proceeding for the deficiency or as a new, separate suit.” (Emphasis added). Article 2772 provides that “[a] creditor may obtain a deficiency judgment ... either by converting the executo-ry proceeding into an ordinary proceeding ... or by separate suit.” The word “new” does not qualify the type of “separate *135 suit.” Therefore, where a suit involving the same transaction or occurrence as the claim for a deficiency is already pending, article 2772 permits the claim for the deficiency to be brought either by converting the executory foreclosure proceeding into an ordinary proceeding or by filing a re-conventional demand in the pending case. To allow the institution of a new, separate case when the reconventional demand is a compulsory one under La. C.C.P. art. 1061(B) does not promote the judicial economy and efficiency that the legislature sought to promote by amending La. R.S. 13:4231 to broaden the scope of the res judicata doctrine.
La. C.C.P. art. 1066, upon which the majority also relies to support the position that the instant suit is not res judicata, provides that “[a]n action that has either matured or was acquired by the defendant in the principal action after answer may be presented, with the permission of the court, as a reconventional demand by supplemental pleading.” The majority uses the discretion granted to the trial court in this article to support its position that La. C.C.P. art. 1061(B) does not govern the instant situation. Article 1061(B), which provides for a compulsory reconventional demand if the reconventional demand arises out of the same transaction or occurrence as the principal demand, was specifically amended, however, to accommodate the broadened scope of the revised res judicata statute, La. R.S. 13:4231. Therefore, I believe that Tower’s claim for a deficiency was a | ^compulsory reconven-tional demand that should have been brought in the suit by the Raos against Tower.
Because La. C.C.P. art. 1066 does not apply solely to compulsory reconventional demands, it is necessary for the trial court to have the discretion to determine which non-compulsory counterclaims can be made after the answer is filed without interfering with the progress of the main action. This article gives the trial court the leeway needed to prohibit the defendant from filing a reconventional demand that may be totally unrelated to the plaintiffs claim if the non-compulsory reconven-tional demand would unduly interfere with the progress of the plaintiffs original claim or with the trial court’s schedule. La. C.C.P. art. 1066, like the La. C.C.P. art. 1061(B), is designed to promote judicial efficiency. Because many reconventional demands are not compulsory under La. C.C.P. art. 1061(B), La. C.C.P. art. 1066 gives the trial court the discretion necessary to promote judicial efficiency by controlling the scheduling of the cases on the court’s docket.
It is certainly reasonable to read La. C.C.P. art. 1061(B) to require that a recon-ventional demand arising out of the same transaction or occurrence as the principal demand be asserted in the pending principal demand, even after the answer has been filed. The Supreme Court in the Burguieres case has made it clear that a compulsory reconventional demand can be filed up until the time there is a final judgment in a case where the principal demand and the reconventional demand arise out of the same transaction or occurrence. In Burguieres one of the criteria for determining whether an action is res judicata is whether “the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation .... ” 2002-1385, p. 8; 843 So.2d at 1053.
When a compulsory reconventional demand exists prior to the final judgment in a case where the primary claim arises out of the same transaction or occurrence as the reconventional demand, La. C.C.P. art. 1061(B) and Burguieres |7require the re-conventional demand to be filed in the suit *136 where the primary claim is being litigated. If the compulsory reeonventional demand is not filed in that suit, the reeonventional demand becomes res judicata. La. C.C.P. art. 1066 still allows the trial court, however, to prohibit the filing of a reeonventional demand arising out of a completely unrelated transaction or occurrence after the answer is filed in the main demand.
A defendant should not be able to completely ignore the mandatory provisions of La. C.C.P. art. 1061(B), which is a later expression of the legislature than is La. C.C.P. art. 1066, just because an answer has already been filed. In the instant case, Tower did not even attempt to file its reeonventional demand in the pending suit, and the majority opinion clearly sanctions that course of action.
I also respectfully dissent from the majority opinion, because I think it fails to consider certain policies that should be promoted. These policies include promoting judicial economy, discouraging forum shopping, and avoiding inconsistency in this Court’s opinions.
Clearly, the purpose of the Louisiana legislature in broadening the scope of the res judicata doctrine was to promote judicial economy. By permitting the filing of a separate suit approximately five years after the claim for a deficiency arose to litigate the issue of the deficiency when there was an action already pending involving the same transaction when the claim arose, does not promote judicial economy. The claim for a deficiency arose well before the suit by the Raos against Tower was in such a posture that the filing of the reeonventional demand for a deficiency would impede the progress of that suit, and it certainly arose prior to the final judgment in that suit, one of the Burguieres criteria for res judicata to apply. It would have been far more efficient for the claim for a deficiency to have been litigated either by converting the executo-ry proceeding into an ordinary proceeding or by filing the claim for a deficiency in the suit by the Raos against Tower.
| «The majority opinion also promotes, rather than discourages, forum shopping. In the suit by the Raos against Tower, even though this Court reversed the trial court on appeal[4], the trial court found Tower liable for damages. It is quite possible that the trial court in that suit was perceived by Tower to be less receptive to Tower’s claims than another trial court might be. By sanctioning the filing of yet another suit involving the mortgage transaction, the majority’s opinion clearly does not discourage, and may well encourage, forum shopping.
This Court should also be consistent in its application of the law. Maintaining consistency in the opinions rendered by this Court is a policy that this Court should foster. Recently this Court rendered an opinion in Spezio v. Spezio, 2001-1789 (La.App. 4 Cir. 9/10/08), 857 So.2d 5, in which this Court held that the plaintiffs claim for damages for the breach of a trustee’s fiduciary duty was barred by the doctrine of res judicata, because the plaintiff did not contest in a prior succession proceeding the homologation of a judgment of possession that included real property that was allegedly transferred from a trust to the decedent in violation of the trust provisions. I dissented in the Spezio case, because I did not think that the case then before us was res judicata in light of the Burguieres case. Because, however, this Court found that the plaintiffs case in Spezio was res judicata, this Court should find that the instant case is res judicata. The instant case is a much stronger case *137 for the application of the doctrine of res judicata, and in the interest of judicial consistency, this Court should hold that the instant case is barred by that doctrine, also.
For the forgoing reasons, I respectfully dissent from the majority opinion. I believe that Tower’s claim for a deficiency is barred by the doctrine of res judicata and that the instant case should be dismissed with prejudice.

. In the suit filed by the Raos, Tower was the defendant, and the judgment in that suit was in favor of Tower.

. The phrase "except as otherwise provided by law” applies to matters not relevant in the instant suit, such as claims for spousal support and child support associated with divorce actions. See Comment-1991, La.C.C.P. art. 1061.

. On May 30, 1997, the Louisiana Supreme Court denied the Raos’ application for a writ of certiorari in the suit by the Raos against Tower.

. Rao v. Towers Partners, L.L.C., 96-1529 (La.App. 4 Cir. 2/12/97), 688 So.2d 709.