NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-548

LINDA SIMMONS-ITURRALDE

VERSUS

MANUEL R. ITURRALDE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 68,221-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

REVERSED AND RENDERED.

John K. (Mike) Anderson
Anderson & Westerchill
101 S. 1st Street
Leesville, LA 71446
(337) 239-9076
Counsel for Plaintiff/Appellee:
Linda Simmons-Iturralde

**C. Kerry Anderson**
**Anderson & Anderson**
**P.O. Box 1025**
**1808 Hwy 190 West, Suite A**
**DeRidder, La 70634**
**Counsel for Defendant/Appellant:**
**Manuel Iturralde**

**C. Kerry Anderson**
**Anderson & Anderson**
**P.O. Box 1025**
**1808 Hwy 190 West, Suite A**
**DeRidder, La 70634**
**Counsel for Defendant/Appellant:**
**Manuel Iturralde**

**EZELL, JUDGE.**

Manuel Iturralde appeals the decision of the trial court granting Linda Simmons-Iturralde damages for the failure to preserve and prudently manage a former community asset under La.Civ. Code art. 2369.3. For the following reasons, we reverse the decision of the trial court and render judgment.

Linda Simmons-Iturralde and Manuel Iturralde were divorced on July 18, 1995. The community property was partitioned retroactive to September 6, 1994, the date of the filing of the petition for divorce. One of the partitioned assets was the military retirement of Mr. Iturralde. The judgment addressed the retirement, stating (bold emphasis added):

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon the Trial on the Merits, the pleadings, post trial memorandums filed herein, that the defendant, LINDA SIMMONS ITURRALDE, is entitled to Thirty Six and One-Half percent (36 and ½%) interest **less any portion allocated to MANUEL R. ITURRALDE as disability payments presently or in the future**, in the total of MANUEL R. ITURRALDE's entitlement of military retirement. . . .

The trial court's written reasons for judgment in the partition noted:

> It is clear that Federal law controls the disposition of military retirement benefits. It is likewise clear that where a serviceman's military retirement is reduced due to the serviceman's entitlement to disability, that portion of the reduction is converted by Federal law to disability benefits and is not community property.

The hearing on the partition was held on September 24, 1998, with final judgment signed March 9, 2001. Ms. Simmons-Iturralde subsequently filed a motion for new trial, seeking to include the disability portion of the benefits along with the retirement portion in the total from which she was to receive her share. The motion for new trial was denied, and Ms. Simmons-Iturralde did not appeal the decision.

In November of 2001, Ms. Simmons-Iturralde filed the suit before us, seeking damages for failure to maintain a former community asset based on Mr. Iturralde's

1

separate disability benefits being increased at the expense of the community retirement benefits.[1]  Mr. Iturralde filed several exceptions, including one of res judicata, all of which were denied.  The trial court ultimately ruled that Mr. Iturralde failed to manage and preserve the community retirement and awarded Ms. Simmons-Iturralde damages in accordance with La.Civ. Code art. 2369.3 equal to any loss Ms. Simmons-Iturralde sustained.[2]  From this decision, Mr. Iturralde appeals.

Mr. Iturralde asserts three assignments of error on appeal.  Because we find merit in his first, a claim that the trial court erred in failing to grant his exception of res judicata, we need not address the remaining two.

Louisiana Revised Statutes 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

---

[1]Mr. Iturralde receives the same monthly amount regardless of the classification being retirement or disability.  However, the portion deemed disability is his separate property according to federal law.  His disability was raised from thirty percent to seventy percent, and as a result, the amount attributable to the community retirement account decreased, leaving Ms. Simmons-Iturralde with thirty-six and one-half percent of a smaller starting number.

[2]The trial court awarded these damages despite the fact that it noted in its written reasons that "the mere fact that the defendant applied for and received disability benefits does not breach the duty imposed by this article. . . ."

Louisiana Code of Civil Procedure Article 425(A) provides, in relevant part: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." According to the Louisiana Supreme Court in *Burguieres v. Pollingue*, 02-1385, p.8 (La. 2/25/03), 843 So.2d 1049, 1053:

> [A] second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

We find the five requirements of *Burguieres* to be met in the matter at hand. The partition judgment was valid and became final when Ms. Simmons-Iturralde failed to appeal it. The parties are clearly the same. The issue of whether the disability benefits were properly placed outside the reach of Ms. Simmons-Iturralde existed at the time of the partition, and Ms. Simmons-Iturralde was aware of this fact. In fact, Mr. Iturralde had already applied for the disability benefits before the partition judgment. According to her own testimony, Ms. Simmons-Iturralde disagreed with the language of the partition as it pertained to these disability benefits, and that is why she sought a motion for new trial on the issue. The disability benefits at issue now were part of the subject matter of the original partition.

We do not rule today that La.Civ. Code art. 2369.3 could not be applied in a similar case. However, under the facts and circumstances of this case, most notably, the language of the final partition allocating Ms. Simmons-Iturralde her percentage of the retirement account less any portion allocated to Mr. Iturralde as disability payments "presently or in the future," we find that Ms. Simmons-Iturralde can no longer raise the claims currently before us.

3

While we do find it to be unfortunate and unfair to Ms. Simmons-Iturralde that her portion of the community is being reduced by both Mr. Iturralde and federal law, the time for her to challenge any such actions by Mr. Iturralde was before the community property partition became final.  She had ample opportunity to seek an indemnity or other such clause in the partition to insure she maintained her percentage of the retirement as a whole, but she did not do so.  Because she failed to appeal that final judgment, we find that any claim she had pertaining to the disability portion of the retirement, or the handling thereof, was fully litigated between the parties.  The principles of res judicata prevent Ms. Simmons-Iturralde from re-litigating this issue.

For the above reasons, the decision of the trial court is hereby reversed.  The claims against Mr. Iturralde are hereby dismissed.  Costs of this appeal are assessed against Ms. Simmons-Iturralde.

**REVERSED AND RENDERED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.