GREMILLION, J.,
dissents and assigns written reasons.
|, On October 4, 2011, the presiding judge in the Texas litigation held a hearing on a number of pre-trial motions. One issue he heard was a special exception by Nickel, LeBlanc, Hunter, and BBG, asking the trial court to rule on whether they had the right to redeem the litigious rights assigned by MBI to MBG. The parties presented argument on the issue that consumed thirty-four pages of the hearing’s transcript. The Texas court heard argument by counsel from Louisiana to inform the trial court of Louisiana law on redemption of litigious rights. The trial court denied the special exception.
The matter proceeded to a jury trial in Harris County on October 11, 2011. The jury found for MBG and against Nickel, LeBlanc, Hunter and BBG, and awarded MBG $4.4 million. A judgment to that effect was signed on December 9, 2011. The judgment denied all other claims, including the counterclaim to redeem the litigious rights. The Texas defendants filed a motion for new trial and to modify the judgment, which was denied.[1] The Texas judgment is, at the time of this opinion, pending on appeal.
| ¡¿Shekel and LeBlanc filed the present matter on November 3, 2011, seeking to deposit $10.00 plus interest into the registry of the court and praying for a judgment transferring the litigious rights of MBI to them. They amended the petition on November 15, 2011, to add BBG as a party plaintiff. MBG and MBI filed this exception in response to the suit.
The exception of res judicata asserted that because Nickel, LeBlanc, and BBG had filed the counterclaim in the Texas litigation, which resulted in their demands being rejected, the final judgment in the Texas litigation barred relitigation of the redemption of the litigious rights in Louisiana. On the contrary, appellants argued, the Texas trial court never dealt with the issue directly, and the demand for redemption of the litigious rights did not arise out of the same transaction or occurrence as the underlying claim in the Texas litigation. Appellants also argued that MBG was tasked with proving the merits of its exception and failed to carry its burden of proof because it did not show that the redemption demand was litigated. The jury verdict form, which was introduced into evidence, did not reference the redemption right. One of the attorneys for Nickel, LeBlanc, and BBG testified that the issue of the redemption was litigated in *825 Texas, but he did not recall whether the trial court issued a ruling on the point. The record, however, clearly demonstrates that the Texas court gave consideration to this issue and denied Appellants their redemption.
Res judicata is governed by La.R.S. 13:4231, et seq. Section 4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. |a(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The burden of proof in an exception of res judicata rests with the party that filed the exception. Steckler v. Lafayette Consol Gov’t, 11—427 (La.App. 3 Cir. 11/2/11), 76 So.3d 161.
Res judicata bars the relitigation of issues when there is a valid and final judgment and certain factors exist: (1) the parties are the same as in the original suit, (2) the eause(s) of action in the second suit existed at the time the judgment in the first suit was rendered, and
(3) the same relief is demanded in the second suit as was in the first suit.
Daigle v. Merrill Lynch, 2011-965, p. 6, (La.App. 3 Cir. 2/8/12), 85 So.3d 168, 172, writ denied, 12-0523 (La.4/13/12), 85 So.3d 1253 (citing Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049 and In re Succession of Carlton, 11-288 (La.App. 3 Cir. 10/5/11), 77 So.3d 989).

A valid and final judgment

Article 4, Section 1 of the United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. The Full Faith and Credit Clause requires that Louisiana give the same preclusive effect to another state’s judgment that it would have in that state. Brown v. Brown, 387 So.2d 565 (La.1980). In Texas, a judgment is final for purposes of res judicata even if it is pending on appeal. Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1 (Tex.1986). This rule applies unless an appeal of the first case would result in, rather than preclude, unnecessary and repetitive litigation. See Texas Beef Cattle Co. v. Green, 921 S.W.2d 203 (Tex.1996). Such is not the case here. The right to redeem the litigious rights assigned to MBG that 14was asserted in the Texas counterclaim is identical to that asserted in the Louisiana litigation. Therefore, under Texas law, which we are bound to apply, the judgment is final and valid. The parties
MBG, Nickel, LeBlanc, and BBG were all parties to the Texas litigation, but MBI was not. Clearly, then, an additional party to this matter necessitates that we determine whether the addition of MBI precludes maintaining the exception. This court has previously ruled that an exception of res judicata cannot be maintained against a litigant who was not a party to the former litigation. Kibodeaux v. Kibodeaux, 93-1143 (La.App. 3 Cir. 4/6/94), 635 *826 So.2d 530. Louisiana law requires not that the parties are physically the same, but that they appear in the same capacities in both suits. Burguieres, 843 So.2d 1049. In dicta, the supreme court in Burguieres stated that the identity of parties can be satisfied “when a privy of one of the parties is involved.” Id at n. 3, (citing Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978)).
“Privity” flows from title or ownership back to a common source. Noel v. Jumonville Pipe & Machinery Co., 245 La. 324, 158 So.2d 179 (1963). Successors in interest, therefore, are privies. Id. In the present matter, MBG and MBI, as assign-ee and assignor, are privies; therefore, the requirement that the parties be identical has been satisfied.

The cause of action

Appellants' cause of action for redemption of the litigious right arose when the litigious right was assigned. La.Civ.Code art. 2652. The assignment was executed during the pendency of the Texas litigation and became an issue in the Texas litigation when Appellants sought to redeem the right by filing the counterclaim. The second element of res judicata was clearly proven.
| hThe same relief is sought
In both the Texas litigation and the present matter, the issue of redemption of the litigious right was asserted. In Texas, the issue was actually litigated and Appellants’ right to redeem the litigious right was denied. The same relief was sought in both cases.
I would affirm the judgment of the trial court maintaining the exception of res judi-cata in favor of MB Industries, LLC, and MB Global, LLC.

. In paragraph G of their motion for new trial, Nickel and LeBlanc argued that they were entitled to new trial because the trial court admitted evidence of wrongs perpetrated against MBI, which they should have been allowed to redeem under Louisiana law. This motion for new trial was filed on January 17, 2012, after the petition was filed in Louisiana.