NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1303

PAMELA MANUEL

VERSUS

LARRY RHINEHART BIEBER

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 69633-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

AFFIRMED.

Chuck R. West
West & Vidrine
P.O. Drawer 1019
Ville Platte, LA 70586
(337) 363-2772
COUNSEL FOR DEFENDANT/APPELLEE:
    Larry Rhinehart Bieber

**Pamela Manuel**
**In Proper Person**
**P. O. Box 8**
**Mamou, LA 70554**
**(337) 459-1483**

**PICKETT, Judge.**

The mother of two minor children appeals the denial of her Rule to Alter Custody and Other Associated Relief. For the reasons set forth below, the trial court's judgment is affirmed.

## FACTS

Pamela Manuel and Larry R. Bieber have two children together, Josey and Jacey Manuel, but were never married. In April 2011, Ms. Manuel was incarcerated after she violated the probation to which she was sentenced for a conviction of issuing worthless checks. Prior to being incarcerated, Ms. Manuel asked a family friend, Ashley Bertrand, to care for Josey and Jacey. Ms. Bertrand agreed, and the children began living with her and her husband.

In May 2011, while incarcerated, Ms. Manuel filed a Rule for Contempt of Court and Costs, alleging Mr. Bieber had not paid child support in the amount of $1500 per month, as ordered by the trial court in May 2008. Mr. Bieber denied Ms. Manuel's allegations and sought domiciliary custody of the children because she was incarcerated. He also sought termination of his obligation to pay child support retroactive to the date of Ms. Manuel's incarceration.

After a hearing before an administrative hearing officer, the hearing officer recommended that Ms. Manuel's Rule for Contempt of Court and Costs be denied and that Mr. Bieber's obligation to pay child support be suspended. Citing Ms. Manuel's incarceration and the best interest of the children as delineated in La.Civ.Code art. 134, the hearing officer recommended that Mr. Bieber be awarded custody. Ms. Manuel appealed the hearing officer's recommendation, and a hearing was held before the trial court on August 8, 2011. At the conclusion of the hearing, the trial court awarded joint custody and co-domiciliary custody of

Josey and Jacey to Mr. Bieber and Ms. Bertrand and dismissed all other claims raised by the parties, including Ms. Manuel's claim for past due child support. A judgment and a custody implementation plan were signed on August 10, 2011.

Upon being released from incarceration in January 2012, Ms. Manuel filed a Rule to Alter Custody and Other Associated Relief in which she sought a change in custody of Josey and Jacey back to her and an award of child support. Shortly after filing the Rule to Alter Custody, Ms. Manuel filed a Rule for Contempt for Failure to Pay Child Support, again asserting that Mr. Bieber had not complied with the trial court's May 2008 order that he pay her $1,500 per month in child support. A hearing on the two Rules was held May 30, 2012, after which the trial court denied both Rules.

## DISCUSSION

### *Custody*

The paramount consideration in child custody matters is the best interest of the child. La.Civ.Code art. 131. In her Rule to Alter Custody and Other Associated Relief, Ms. Manuel sought a modification of a considered custody decree; therefore, she had to satisfy the requirements originally set forth in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). The supreme court reiterated the burden of proof a party must satisfy to change a considered custody decree in *Gray v. Gray*, 11-548, pp. 19-20 (La. 7/1/11), 65 So.3d 1247, 1258-59, explaining:

> When a party seeks to change custody rendered in a considered decree, the proponent of change not only must show that a change of circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody, but he or she also "bears the heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the

2

child." *Bergeron*, 492 So.2d at 1200; *see also AEB v. JBE*, 99-2668, [(La. 11/30/99)], 752 So.2d [756]; *Evans v. Lungrin*, 97-0541, pp. 12-13 (La. 2/6/98), 708 So.2d 731, 738. This burden of proof is imposed as a means of implementing the best interest standard in light of the special considerations present in change of custody cases. *AEB v. JBE*, 99-2668, p. 7, 752 So.2d at 761.

Accordingly, Ms. Manuel had to prove a material change in circumstances occurred after the August 10, 2011 judgment was rendered and that continuing Josey and Jacey in the existing custody arrangement was "deleterious" to them or that any harm caused by a change in their custody arrangement would be "substantially outweighed by its advantages" to them. Ms. Manuel proved a change of circumstance had occurred: she was no longer incarcerated. Therefore, we now consider whether Josey and Jacey's existing custody arrangement was proven to be deleterious to them or whether any harm caused by a change in this custody arrangement would be outweighed by the advantages of them being in Ms. Manuel's custody.

At the hearing on Ms. Manuel's Rule, a court-appointed psychologist, the parties, Josey, Jacey, and friends and family of Ms. Manuel testified. The psychologist Amy Cavanaugh evaluated the parties and provided her recommendations regarding custody of Josey and Jacey. Ms. Cavanaugh's evaluations including testing and interviewing the parties and the children. She interviewed the parties and the girls individually and interviewed the girls separately while in the presence of each adult. Ms. Cavanaugh concluded that while Ms. Manuel had been a fit parent in the past and wants to regain custody of Josey and Jacey, she is not well and needs psychiatric treatment. Due to her current psychiatric status, Ms. Cavanaugh determined that Ms. Manuel is too impaired to function effectively as a parent. She opined that Mr. Bieber was best

suited to care for Josey and Jacey but acknowledged that his desire to delegate the daily requirements of caring for them due to his work requirements to Ms. Bertrand was the best arrangement under the facts present here.

The evidence shows that Ms. Manuel has a felony conviction for issuing worthless checks and that her failure to satisfy the requirements of her probation for that conviction resulted in her being incarcerated and the initial change in custody. The evidence also indicates that cocaine usage and psychological illness contributed to Ms. Manuel's behavior which led to her probation being revoked.

Importantly, Josey and Jacey did well during Ms. Manuel's absence. They enjoyed living with Ms. Bertrand, their grades were good, they engaged in extracurricular school activities, and they made new friends and socialized with them. Additionally, they began seeing their father more often, and they all enjoyed the increased contact they had with each other. Josey and Jacey love their mother. Josey has reservations about returning to her custody because she feels like her mother treated her unfairly as compared to Jacey. Jacey wants to live with her mother and continue to visit with Ms. Bertrand.

As of the hearing on her Rule, Ms. Manuel did not have a full-time job and had lived in two different residences in the six months between her release and the hearing. She testified that she planned for her and the girls to live with her aunt and uncle for a period of time but then would move to New Orleans.

The trial court followed the recommendations of the court-appointed psychologist; her recommendations are substantiated by the evidence in the record. The trial court's custody determination cannot be disturbed unless our review reveals the trial court abused its discretion in awarding custody to Mr. Bieber and Ms. Bertrand. *Bergeron*, 492 So.2d 1193. Accordingly, we find no abuse by the

4

trial court in denying Ms. Manuel's request to return Josey and Jacey to her custody.

*Arrearages*

Ms. Manuel argues the trial court erred in finding that Mr. Bieber does not owe her past due child support. She contends the evidence shows that he failed to pay the $1500 in child support ordered by the May 2008 judgment and rarely paid the amounts he did pay by the first of the month. Ms. Manuel's Rule for Contempt for Failure to Pay Child Support raises the same issue presented in her May 2011 Rule for Contempt of Court. The exception of res judicata is a peremptory exception that can be recognized by an appellate court on its own motion. La.Code Civ.P. art 927(B). Therefore, we will consider whether Ms. Manuel's claim for past due child support is barred by res judicata.

The doctrine of res judicata is set forth in La.R.S. 13:4231, which provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, the supreme court identified five requisite elements for a matter to be considered res judicata:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

There is only one judgment ordering Mr. Bieber to pay Ms. Manuel child support. That judgment orders Mr. Bieber to pay Ms. Manuel $1500 per month in child support effective May 1, 2008. Ms. Manuel's May 2011 Rule for Contempt of Court and Costs was denied in the trial court's August 2011 judgment. That judgment was not appealed and became a final judgment. The cause of action asserted in Ms. Manuel's January 2012 Rule for Contempt for Failure to Pay Child Support is the same cause of action asserted in her May 2011 Rule for Contempt and Court Costs and was the subject matter of the August 2011 judgment. Accordingly, her claim for past due child support is barred by res judicata. Moreover, Mr. Bieber's bank records show that for the period January 2009 through April 2011, he regularly paid amounts exceeding the $1500 per month child support ordered by the trial court. Accordingly, we find no error with the trial court's denial of Ms. Manuel's Rule for Contempt and Court Costs.

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to Pamela Manuel.

**AFFIRMED.**

6