LEDET, J.,
dissenting with reasons.
|, On remand from the Louisiana Supreme Court, the majority again denies the writs filed by the Relators, KLLM Transport Services, L.L.C. (“KLLM”) and Daimler - Trucks North America, LLC (“DTNA”) (“collectively the “Relators”). For the reasons that follow, I would grant the Relators’ writs and reverse the trial court’s ruling denying the Relators’ peremptory exception of res judicata.
The Supreme Court remanded this matter to this court with the following instructions:
[The court of appeal] is directed to review the transcript and other relevant pleadings filed in connection with the motion for summary judgment granted on January 24, 2014 and render a full opinion in this matter, after appropriate briefing and argument by the parties.
In their briefs to this court, the Relators assigned as error the trial court’s failure to grant their peremptory exception of res judicata. Five elements must be met to preclude a second action under the theory of res judicata; the five elements are as follows:
| ¡>,(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause Or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
Burguieres v. Pollingue, 02-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
It is undisputed that all of the elements except for the third one are satisfied. The narrow issue presented is thus whether the third element — the parties are the same — -is satisfied. Answering that question in the negative, the majority reasons that the same parties requirement cannot be satisfied in this case for the following reasons:
Once Bill [Jones] was appointed as Connie’s co-curator his capacity changed and the legal prohibition to him asserting claims on Connie’s behalf was removed. Therefore, the January 24, 2014 judgment dismissing claims against DTNA and KLLM cannot preclude the claims brought by Bill [Jones] in his capacity as Connie’s co-curator.
The Relators contends that the third requirement — the parties are the same— was met. The Relators point out that both in fact and in law the parties now before the trial court are the same as the parties to its motion for summary judgment. It points out that the prior case — the first supplemental and amending petition — and the current case present the same claim asserted against them by Bill Jones on *1075 Connie Marable’s behalf through the same attorney. The Relators further contend that a final summary judgment, which dismissed claims that a son — Bill Jones-asserted on his mother’s — Connie Mara-ble’s — behalf, precludes the son from thereafter reasserting the same claims on his mother’s behalf, especially given that the mother — through her own counsel and court-appointed curator (Mr. Marable)— joined in requesting the summary judgment.
Connie Marable, William “Bill” Jones, and Engelique Jones (the “Respondents”) counter that Connie Marable has never before filed suit against the Relators. The Respondents contend that the claims against the Relators at the time the summary judgment was granted were brought solely on behalf of Bill and | ¡¡Engelique Jones, themselves, and not on their mother’s, Connie Marable’s, behalf. They explain that this was so since Bill Jones was not appointed co-curator until the March, 10, 2014 order was issued. Moreover, the Respondents contend that their repeated attempts to join the Relators as defendants in suit 'filed by Mr. Marable, on Connie Marable’s behalf, failed due to Mr. Marable’s refusal to do so. The Respondents contend that at the time of the motion for summary judgment, Connie Marable appeared in a different capacity than she does now. Before Bill Jones was appointed co-curator, the Respondents contend, Connie Marable’s rights were exclusively represented by Mr. Marable. Because Connie Marable had not filed claims against the Relators before Bill Jones did so as her appointed co-curator, the Respondents contend that the “same parties” requirement was not present to trigger preclusion under res judicata. As noted above, the majority finds merit to the Respondents’ arguments. For the following three reasons, I disagree.
First, Bill Jones, albeit without proper authority, filed a first supplemental and amending petition asserting the same claims against the Relators on Connie Marable’s behalf. Second, the Respondents did not appeal the trial court’s judgment dismissing all of the claims that had been asserted against the Relators, including those set forth in the first supplemental and amending petition. Third, nothing precluded the Respondents from seeking authority from the trial court to appoint Bill Jones as co-curator before either filing the first supplemental and amending petition or allowing a final judgment to be obtained dismissing the claims against the Relators.
For these reasons, I would find that all of the requirements for res judicata were satisfied and would reverse the trial court’s ruling.[1]

. None of the factors supporting application ' of the exceptional circumstances exception to res judicata was present in this case. See Oliver v. Orleans Parish Sch. Bd., 14-0329, 14-0330, p. 33 (La. 10/31/14), 156 So.3d 596, 618-19 (citing the factors).