GUIDRY, J.
^Plaintiffs appeal a partial summary judgment wherein the trial court decreed that the alleged fault of medical malpractice tortfeasors could be presented to the jury, and if proven, quantified in an allocation of fault among all alleged tortfeasors. For the reasons expressed herein, we dismiss the appeal.
*262 FACTS AND PROCEDURAL HISTORY
On October 14, 1996, Daphne Leray and her parents, Glenn and Elaine Leray, filed the instant suit in Lafourche Parish against Nissan Motor Corporation in U.S.A., Nissan Motor Co., Ltd., Entergy Louisiana, Inc., the State of Louisiana through the Department of Transportation and Development, and Jamie Adams relative to a single-car accident that occurred in Lafourche Parish on October 15, 1995. The accident occurred while Daphne was riding as a passenger in a 1995 Nissan pickup truck driven by Jamie Adams. All defendants, except Jamie Adams, filed answers denying liability for the injuries sustained by Daphne.
On September 1, 2000, the Lerays filed a separate suit in Jefferson Parish against Drs. Bradley J. Bartholomew and Stephen Mallernee and the Hospital Service District No. 1 of Terrebonne Parish, alleging that treatment rendered by the named medical defendants violated the applicable standard of care and caused Daphne to be rendered a quadriplegic. That suit proceeded to trial and judgment was rendered in favor of the Lerays against Drs. Bartholomew and Mallernee on November 18, 2002. The judgment was affirmed on appeal. Leray v. Bartholomew, 03-1370 (La.App. 5th Cir.3/20/04), 871 So.2d 492.
In the meantime, as litigation proceeded in the subject suit, several motions and exceptions were filed by the defendants, including a joint motion for summary judgment filed by the Nissan and Entergy defendants, wherein they sought a ruling to be allowed to present proof of the fault of the alleged medical malpractice tortfea-sors to the jury and to have any fault attributable to said tortfeasors | ¡^quantified in the allocation of fault. The trial court granted a partial summary judgment on this ground in favor of all defendants in a judgment rendered on December 23, 2003, and it is based on this ruling that the plaintiffs now appeal.
La. C.C.P.1915(B) Designation
As previously noted, this matter comes before us pursuant to a pai'tial summary judgment granted in favor of the defendants that was designated as a final judgment by the trial court for purposes of appeal. Louisiana Code of Civil Procedure article 1915(B) provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The trial court gave no explicit reasons, either oral or written, for its determination that no just reason for delay existed. We are therefore required to make a de novo determination of whether the designation was proper, R.J. Messinger, Inc. v. Rosenblum, 04-1664, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122, since we cannot determine the merits of this appeal unless our *263 jurisdiction is properly invoked by a valid final judgment. See La. C.C.P. art. 2083.
Some of the factors we are advised to consider in our de novo determination of whether the judgment at issue was properly designated as a final judgment include: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future | ¿developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. R.J. Messinger, Inc., 04-1664 at 14, 894 So.2d at 1122-1123.
As noted by our supreme court, Article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. R.J. Messinger. Inc., 04-1664 at 13, 894 So.2d at 1122. Thus, in considering whether a judgment is properly designated as final pursuant La. C.C.P. art. 1915, we should “take into account judicial administrative interests as well as the equities involved.” See R.J. Messinger, Inc., 04-1664 at 13, 894 So.2d at 1122 (citing Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980)).
With these precepts in mind to direct our de novo review and based on the record before us, we perceive no compelling reason that would justify designating the partial summary judgment appealed herein as final. The sole issue to be addressed by this appeal is whether the trial court erred in allowing the fault of non-party, medical malpractice tortfeasors to be quantified by the jury in its assessment of fault. Other than possibly prolonging the trial to the extent that the defendants are given an opportunity to present evidence regarding any fault allegedly attributable to the medical malpractice tortfeasors, we do not find that the issue presented for our review is of such exigent or prejudicial import that immediate review on appeal is warranted. Rather, we believe that if the ruling is later found to be erroneous on appeal of a judgment on the merits, the error can be adequately addressed and remedied at that point.
I .¡Furthermore, although Article 1915 dispenses with finality in the sense of completion of the litigation, the judgment rendered must be sufficiently final in that it disposes of the claim or dispute in regard to which the judgment is entered. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, p. 10 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1047, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338. A final judgment determines the merits of a controversy, in whole or in part. La. C.C.P. art. 1841. Judgments ruling on evidentiary issues or deciding purely procedural issues generally are examples of judgments that cannot be properly designated because they are not final. Mark Tatum and William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We’re In, 59 La.L.Rev. 131, 158 (1998). Similarly, the judgment before us, as an evidentiary ruling, would appear to be improperly designated because it is not final.
Lastly, considering the factors specifically outlined by the supreme court in R.J. Messinger, Inc., it is further clear that the designation of finality was improperly granted herein. The partial summary judgment rendered in this case will not terminate the litigation. The issues of liability and degree of liability, as well as damages, have yet to be adjudicated in this matter, and a jury could easily decide that *264 one or more of the defendants named in this suit is primarily or exclusively liable for the injuries sustained by Daphne, thus possibly mooting the issue raised in this appeal of whether the liability of the alleged medical malpractice tortfeasors should be considered in the assessment of fault. Moreover, the close relationship between the issues raised relative to the amended and unamended versions of La. C.C.P. arts. 2323 and 2324 and how they apply to the matter at hand, which is the basis of the parties’ dispute regarding presentation and quantification of the alleged fault of the medical malpractice tort-feasors herein, is more than likely to arise again in a subsequent appeal.
| (¡Accordingly, we find that the trial court improperly designated the partial summary judgment rendered herein as a final judgment pursuant to La. C.C.P. art. 1915(B), and therefore dismiss the appeal.[1] All costs in this matter are cast to the plaintiffs.
APPEAL DISMISSED.

. In accordance with the directive of the supreme court, following the foregoing examination and determination that the propriety of the designation was still not apparent, we requested a per curiam from the trial court. We also issued a rule to the parties to show cause why the appeal should not be dismissed for failure to comply with La. C.C.P. art. 1915. See R.J. Messinger, 04-1664 at 14, 894 So.2d at 1122. Having considered the per curiam submitted by the trial court and the responses of the parties to the rule, we still conclude that the judgment was improperly designated as final.