| | | |
|---|---|---|
| CAMERON SOULE, ET AL. | * | NO. 2024-C-0267 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| WOODWARD DESIGN + | * | |
| BUILD, LLC, HOUSTON | | FOURTH CIRCUIT |
| CASUALTY COMPANY, ET | * | |
| AL. | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-00935  C\W 2018-01020, 2018-04400, 2018-07004, 2018-07191, 2018-07477, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)


Sidney W. Degan, III
Karl H. Schmid
Jordan P. Amedee
Candace C. Chauvin
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130

  COUNSEL FOR RELATOR/DEFENDANT

Joseph S. Picaun
PICAUN LAW FIRM LLC
1340 Poydras Street, Suite 2100
New Orleans, Louisiana 70112

William J. Guste, III
GUSTE, BARNETT, SCHLESINGER, HENDERSON, & ALPAUGH, LLC
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103

Todd C. Comeaux
COMEAUX LAW FIRM
2354 S. Acadian Thruway, Suite C
Baton Rouge, Louisiana 70808-2366
Michael S. Brandner, Jr.

Michael S. Brandner, Jr.
Scot P. Kosloski
MIKE BRANDNER & ASSOCIATES, LLC
3621 Veterans Memorial Blvd.
Metairie, Louisiana 70002

Richard A. Chopin
Justin M. Chopin
THE CHOPIN LAW FIRM LLC
650 Poydras St., Suite 1550
New Orleans, Louisiana 70130

J. Casey Cowley
CASEY COWLEY LLC
620 N. Carrollton Ave
New Orleans, Louisiana 70119

Leo J. Palazzo
Jason J. Markey
Mario A. Arteaga, Jr.
THE PALAZZO LAW FIRM
732 Behrmann Highway, Suites F&G
Gretna, Louisiana 70056

Mark Morice
MORICE LAW FIRM LLC
1132 Derbigny St.
Gretna, Louisiana 70053

Brian G. Shearman
John H. Denenea, Jr.
SHEARMAN – DENENEA, L.L.C.
4240 Canal St., Second Floor
New Orleans, Louisiana 70119


      COUNSEL FOR RESPONDENTS/PLAINTIFFS

                              **WRIT GRANTED IN PART;**
                           **DENIED AS MOOT IN PART**
                    **JUDGMENT REVERSED AND RENDERED**
                                   **AUGUST 15, 2024**

Relator/Defendant, Houston Casualty Company (hereinafter "Houston"), seeks review of the trial court's March 28, 2024 judgment denying its motion for summary judgment or in the alternative an exception of *res judicata*. After consideration of the writ application before this Court and the applicable law, we grant the writ in part and reverse the portion of the trial court's judgment denying Houston's exception of *res judicata*. In all other respects, the writ is denied.

### Relevant Facts and Procedural History

The underlying facts of this writ application arise from a petition for damages filed by Respondents/Plaintiffs (hereinafter "Plaintiffs") alleging various injuries from an accident which occurred at a construction project (hereinafter "the Project").[1] Plaintiffs' original petition named the following defendants: Houston; Woodward Design + Build, LLC (hereinafter "Woodward"); and Eagle Access, LLC (hereinafter "Eagle"). The petition explains the hierarchy and relationship of the parties. Woodward served as the general contractor of the Project while Eagle

---

[1] Respondents/Plaintiffs in this matter are: Michael Habisreitinger, Jr.; Bernard Curtis and Brenda Curtis; Cameron Soule; Chad Bondlow Sr. individually and on behalf of his minor son Chad Bondlow, Jr.; Melvin Barnica, Amalia Ferretiz Barron, Ciriaco Pina, and Francisco Castillo; Paul Imbrenda; and Duane Dean and Christy Dean.

1

acted as a sub-contractor, who furnished labor and equipment for the construction of an elevator hoist.[2] As the general contractor, Woodward was required to obtain a commercial general liability insurance policy (hereinafter "CGL policy") from Houston for the purpose of providing insurance coverage to its subcontractors. Our Supreme Court has previously articulated the following relevant facts regarding the CGL policy:

> A requirement of the insurance policy Woodward obtained from HCC [Houston] was that Woodward contract with an approved provider to perform "Contractor Enrollment." Pursuant to this requirement, Woodward retained an approved provider, Wrap Up Insurance Solutions, Inc. ("Wrap Up Administrator"). The Wrap Up Administrator sent an email to Eagle specifically advising that insurance coverage was not automatic and sent the required enrollment form to Eagle.

*Soule v. Woodward Design + Build, LLCS*, 2021-00322, p. 2 (La. 5/11/21), 315 So.3d 858, 859.

In 2020, Woodward and Houston filed cross motions for partial summary judgment. Both parties requested a determination as to whether Eagle is an insured under the CGL policy. Specifically, Houston's motion for partial summary judgment maintained that Eagle was not properly enrolled under the Contractor Controlled Insurance Program (hereinafter "CCIP endorsement") and was therefore not an insured under the terms of the CGL policy. Houston's motion requested dismissal of all claims relative to coverage of Eagle under its policy. The trial court denied Houston's motion for partial summary judgment finding

---

[2] After the Supreme Court's decision in *Soule v. Woodward Design + Build, LLCS*, 2021-00322, (La. 5/11/21), 315 So.3d 858, the sub-contract agreement between Woodward and Eagle was declared absolutely null, by the trial court, as it was determined Eagle was not licensed to do business in the state of Louisiana.

ambiguities exist in the policy language therefore creating genuine issues of material fact. This Court declined to exercise its supervisory jurisdiction.[3]

In a *per curiam* opinion, our Supreme Court reversed the trial court and granted summary judgment in favor of Houston. The Supreme Court framed the issue before it as "[t]he narrow issue presented for our review is whether Eagle was properly enrolled as an insured under the HCC policy." *Soule*, 2021-00322, p. 2, 315 So.3d at 858-59. A determination was made that Houston's policy did not provide coverage because of Eagle's refusal to comply with the policy's enrollment requirement. *Id.*, 2021-00322, p. 4, 315 So.3d at 860. The Supreme Court relied on the following facts:

> The Wrap Up Administrator followed up by sending a second email to Eagle after it formally entered into the subcontract with Woodward. Eagle declined to comply with the request, stating that Eagle would "not participate in paying any wrap insurance premiums" as Eagle had its own insurance. Accordingly, the Wrap Up Administrator advised Woodward that Eagle was unwilling to enroll. This information was provided to Woodward's senior project manager, who indicated he did not see any reason to include Eagle because "[t]hey are an equipment supplier and their only on site work is to erect and dismantle the man/material hoist."
>
> Subsequently, after commencing work on the project, Eagle sent an enrollment form to the Wrap Up Administrator. The Wrap Up Administrator advised Woodward of Eagle's action and requested advice on how to proceed. The Woodward representative replied that a decision had been made earlier to exclude Eagle from coverage. Accordingly, on April 24, 2017, the Wrap Up Administrator sent a letter advising Eagle that it was not covered "under the General Liability Contractor Controlled Insurance Program for the trade of Hoist Rental and Service – the Standard Project." A copy of this letter was sent to Woodward. The accident forming the basis of this litigation occurred approximately three months later on July 28, 2017.

*Id.*, 2021-00322, pp. 2-3, 315 So.3d at 859 (hereinafter "*Soule I*").

---

[3] Judge Dysart dissented from the majority's decision. *Soule v. Woodward Design + Build, LLCS*, *unpub.*, 2021-0015 (La.App. 4 Cir. 2/3/21), *writ granted*, 2021-00322, p. 1 (La. 5/11/21), 315 So.3d 858.

On March 7, 2022, Plaintiffs filed an amended and supplemental petition (hereinafter "amended petition"), alleging that Eagle is an "additional insured — lessor of leased equipment" under a specific endorsement provision of the CGL policy (hereinafter "Additional Insured Endorsement").[4] In response to Plaintiffs' amended petition, Houston filed a "Motion for Summary Judgment Alternatively, a Peremptory Exception of *Res Judicata*." Houston's motion for summary judgment maintains Eagle fails to qualify as an additional insured as neither party agreed in writing to add Eagle as an additional insured. As to *res judicata,* Houston argues that the Louisiana Supreme Court has previously ruled on the scope of Houston's coverage for Plaintiffs' claims against Eagle in *Soule I.* Further, Houston argues that Plaintiffs' amended claims satisfy all the elements of *res judicata*. In support of its motion for summary judgment and exception, Houston submitted numerous attachments, which include the CGL policy bearing policy number H16PC30725-00.

Plaintiffs opposed Houston's motion for summary judgment arguing the September 2016 purchase order, leasing the elevator hoist to Woodward, required Woodward to specifically name Eagle as "loss payee."[5] Plaintiffs argue the terms

---

[4] The Additional Insured Endorsement reads as follows:

> **Who Is An Insured (Section II)** is amended to include as an additional insured any person or organization from whom you lease equipment when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your maintenance, operation or use of equipment leased to you by such person or organization. A person's or organization's status as an additional insured under this endorsement ends when their contract or agreement with you for such leased equipment ends.

[5] The purchase order states, "[c]ontractor will carry general liability insurance of $1,000,000 covering the use of the equipment. A certificate will be issued designating Eagle Access, LLC as a loss payee."

4

"loss payee" and "additional insured" are interchangeable. Thus, under either designation, Plaintiffs assert that Eagle is an "additional insured." In opposing Houston's exception of *res judicata*, Plaintiffs submit that the Supreme Court's decision in *Soule I* only determined that Eagle was not properly enrolled under the CCIP endorsement of the CGL policy. Plaintiffs also contend the claims in the amended petition are new claims precluding the application of the doctrine of *res judicata*.

A hearing was held on Houston's motion. After taking the matter under advisement, the trial court issued a judgment on March 28, 2024 denying Houston's motion for summary judgment and its exception of *res judicata*. This application for supervisory review followed.

## Discussion

Houston argues the trial court erred in denying its exception of *res judicata* and motion for summary judgment. Although Houston's motion before the trial court referenced its motion for summary judgment first, with the exception in the alternative; Houston's writ application advances the exception as its primary argument. Thus, we will consider Houston's exception of *res judicata*.[6]

### *Res Judicata*

"In reviewing a trial court's ruling on a res judicata exception, this [C]ourt reviews factual issues under a manifest error standard and legal issues under a *de novo* standard." *Jones v. Daimler Trucks N. Am., Inc.*, 2021-0504, p. 4 (La.App. 4 Cir. 2/23/22), 336 So.3d 622, 626 (citation omitted). The doctrine of *res judicata* is intended to prevent the "re-litigation of all causes of action arising out of the same

---

[6] Based on our finding that the trial court erred in denying Houston's exception of *res judicata*, we pretermit any discussion of summary judgment.

transaction or occurrence that were the subject matter of a prior litigation between the same parties." *Kimball v. Kamenitz*, 2021-0101, pp. 20-21 (La.App. 4 Cir. 10/26/12), 331 So.3d 474, 488 (citations omitted).

*Res judicata* is codified in La. R.S. 13:4231 which provides for both claim and issue preclusion. *Jones*, 2021-0504, p. 4, 336 So.3d at 626 (citation omitted). La. R.S. 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Jurisprudence has construed La. R.S. 13:4231 to require the following elements satisfied to sustain an exception of *res judicata*:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 2002-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053. A party succeeds on an exception of *res judicata* if all the aforementioned elements

are proven. *Kimball*, 2021-0101, p. 21, 331 So.3d at 488 (citations omitted). With these principles in mind, we turn to Houston's exception of *res judicata*.

The first two elements of *res judicata* require the prior judgment be valid and final. "For purpose of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given." *Burguieres*, 2002-1385, p. 8, 843 So.2d at 1053. The parties concede that the Supreme Court's decision in *Soule I* is valid. However, Plaintiffs dispute the finality of the judgment. Plaintiffs accept the proposition that *Soule I* granted Houston's partial motion for summary judgment but submit that the ruling is an interlocutory judgment. They further assert the Supreme Court did not designate the decision as final pursuant to La. C.C.P. art. 1915.

We find Plaintiffs' argument unpersuasive. In *Chenet v. Colgate-Palmolive Co.*, this Court considered the issue of whether the granting of a motion for partial summary judgment is final for purposes of appeal. 2022-0666, p. 10 (La.App. 4 Cir. 2/1/23), 357 So.3d 479, 487-88, *writ denied*, 2023-00309 (La. 4/25/23), 359 So.3d 978. This Court observed that "[j]udgments ruling on evidentiary issues or deciding purely procedural issues generally are examples of judgments that cannot be properly designated because they are not final." *Id.*, 2022-0666, p. 10, 357 So.3d at 487-88 (quoting *Leray v. Nissan Motor Corp. in U.S.A.*, 2004-1282 (La.App. 1 Cir. 6/10/05), 916 So.2d 260, 263) (citation omitted). The Supreme Court in *Soule I* determined the merits of Houston's partial motion for summary judgment. Specifically, it held that the required procedure for Eagle to procure coverage under the CGL policy was not followed. *Soule I,* 2021-00322, p. 4, 315 So.3d at 860. A certificate of insurance was never issued to Eagle, rather Woodward was advised Eagle was "not covered 'under the General Liability

7

Contractor Controlled Insurance Program for the trade of Hoist Rental service – the Standard Project.'" *Id*. As such, *Soule I* disposed of the merits of Houston's partial motion for summary judgment and found Eagle is not afforded coverage under the CGL policy. *See Soule I*, 2021-00322, p. 4, 315 So.3d at 860; *see also Burguieres*, 2002-1385, p. 8, 843 So.2d at 1053 (finding a judgment that disposes of the merits in whole or part is final). We therefore find the decision in *Soule I* a valid and final judgment. Accordingly, the first two elements of *res judicata* are satisfied.

The third element requires that the parties be the same. "Identity of parties can also be satisfied when a privy of one of the parties is involved." *Burguieres*, 2002-1385, p. 8, n.3, 843 So.2d at 1054 (first citing *Welch v. Crown Zellerbach Corp.*, 359 So.2d 154, 156 (La. 1978)); citing Peter Wilbert Arbour, Comment, *The Louisiana Concept of Res Judicata*, 34 La. L.Rev. 763, 767 (1974). Although the party opposing Houston's motion for partial summary judgment are Plaintiffs, the issue of coverage relates to the exact same parties, Houston, Woodward and Eagle. Thus, the third element of *res judicata* is satisfied.

The fourth element requires that the second cause of action asserted exist at the time of the final judgment in the first action. Plaintiffs' amended petition alleges Houston provides coverage for Eagle under a different endorsement. Coverage is claimed under the same CGL policy Houston issued to Woodward- the CGL policy bearing policy number H16PC30725-00. Although Plaintiffs argue the claims asserted in their amended petition relate to a different endorsement of Houston's policy, all causes of action in Plaintiffs' amended petition stem from the CGL policy — policy number H16PC30725-00 — issued to Woodward by Houston. The exact same policy considered in *Soule I.* The Additional Insured

Endorsement is contained within the CGL policy that existed at the time Plaintiffs filed their original petition. We therefore find the fourth element of *res judicata* is satisfied.

The last element requires a determination of whether the second action asserts a cause of action that arises out of the transaction or occurrence which was the same object or subject matter of the first action. *See Burguieres*, 2002-1385, p. 8, 843 So.2d at 1053; *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 1995-0654, p. 12 (La. 1/16/96), 666 So.2d 624, 631 (citation omitted). As stated above in our analysis of the third element, the parties at issue are Houston, Woodward and Eagle. While Plaintiffs serve as the opposing party to Houston's partial summary judgment on coverage, we must consider the underlying cause – does the CGL policy provide insurance coverage for Eagle. Plaintiffs seek coverage for injuries sustained during an accident that occurred while working at the construction site, i.e. personal injuries. The issue of whether coverage exists under the terms of the policy were conclusively adjudicated in *Soule I*. The Supreme Court's decree states, "[t]he Motion for Partial Summary Judgment filed by Houston Casualty Company is granted, finding that Eagle Access, LLC/Division Management, LLC is not an insured under the Contractor Controlled Insurance Program policy issued by Houston Casualty Company." *Soule I*, 2021-00322, p. 4, 315 So.3d at 860. The "Additional Insured Endorsement" cited to by Plaintiffs relate to property damage, not personal injuries. The Supreme Court has conclusively addressed the issue of Eagle's coverage for any personal injury claims against Eagle that arise out of the same transaction or occurrence which was the subject matter in *Soule I*. Thus, the fifth element of *res judicata* is satisfied.

9

## Conclusion

*Soule I* is a valid and final judgment, declaring that the CGL policy does not provide coverage for personal injury claims asserted against Eagle resulting from the Project. The *Soule I* decision extinguished causes of action asserting coverage for Eagle under the CGL policy. Moreover, the claims within Plaintiffs' amended petition existed at the time of the decision in *Soule I* and arise out the same transaction or occurrence. "The civilian concept of res judicata is based upon a presumption of correctness." *Burguieres*, 2002-1385, p. 7, 843 So.3d at 1053 (citations omitted). *Res judicata* is intended to prevent the re-litigation of causes of action that arises out of the same transaction or occurrence of the first litigation. *Kimball*, 2021-0101, pp. 21-22, 331 So.3d at 488 (citations omitted); *see also Burguieres*, 2002-1385, p. 7, 843 So.2d at 1053. Thus, we find all the elements to succeed on an exception of *res judicata* have been satisfied. Therefore, we find the trial court erred in denying Houston's exception of *res judicata*. Based upon our finding that Houston's exception of *res judicata* is sustained, we pretermit discussion of Houston's motion for summary judgment.

## Decree

The writ is granted in part, denied in part as moot. The trial court's March 28, 2024 judgment denying Houston's exception of *res judicata* is reversed and judgment rendered in favor of Houston. In all other respects, the writ is denied.

**WRIT GRANTED IN PART;**
**DENIED AS MOOT IN PART**
**JUDGMENT REVERSED AND RENDERED**