STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

*  *  *  *  *  *  *

2024 CA 0045

MALCOLM H. SUTTER, III

VERSUS

DAVID JARVIS, JARVIS TECH, INC., AND PATRICK BERRIGAN

JUDGMENT RENDERED: _____OCT 0 3 2024_____

*  *  *  *  *  *  *

Appealed from the Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 2023-11405 • Division A

The Honorable Raymond S. Childress, Presiding Judge

*  *  *  *  *  *  *

Malcolm H. Sutter, III
Slidell, Louisiana

PLAINTIFF/APPELLANT
In Proper Person


Larry M. Roedel
Paige S. Stein
J. Kenton Parsons
Daniel T. Price
Baton Rouge, Louisiana

COUNSEL FOR APPELLEES/
DEFENDANTS—David Jarvis and
Jarvis Tech, Inc.


*  *  *  *  *  *  *

BEFORE: GUIDRY, C.J., WELCH, AND LANIER, JJ.

**WELCH, J.**

The plaintiff, Malcolm H. Sutter, III, appeals a judgment sustaining a peremptory exception raising the objections of *res judicata*, peremption, and prescription, awarding attorney fees in the amount of $500.00, and dismissing the Mr. Sutter's petition with prejudice. Finding no error in the judgment of the trial court, we affirm.

## BACKGROUND

On February 28, 2014, Mr. Sutter commenced a proceeding for damages for breach of contract and other alternative relief against David Jarvis and Jarvis Tech, Inc. (collectively "the Jarvis defendants") in the 22nd Judicial District Court for the Parish of St. Tammany, bearing docket number 2014-10952, Division D (*"Sutter I"*). According to the allegations of Mr. Sutter's petition, Mr. Sutter was a certified Porsche mechanic with knowledge in the repair and construction of Porsche engines for high performance purposes. Mr. Sutter alleged that he entered into an oral contract with the Jarvis defendants to assist them in re-locating their business from Florida and to use the Jarvis defendants' facilities, machinery, supplies, and computer software for the manufacture and construction of engine parts to make mechanical modifications to Porsche engines. Mr. Sutter further alleged that this arrangement continued for several years until March 13, 2013, when he was asked to leave the Jarvis defendants' premises and to never return. Mr. Sutter claimed that the Jarvis defendants breached the oral contract with him and had retained some his property and refused to return it. Alternatively, Mr. Sutter claimed that the Jarvis defendants had been unjustly enriched by Mr. Sutter's labor and misappropriation of his property. Mr. Sutter sought damages for the breach of contract, or alternatively, for unjust enrichment and for the misappropriation of his property.

2

In response to this petition, the Jarvis defendants filed a reconventional demand. After a trial on the merits, which was held on August 7, 2020, the court issued reasons for judgment on August 20, 2020, which provided as follows:

> [Mr. Sutter] bears the burden of proof to prove by a preponderance of the evidence the allegations contained in his petition for damages. The court finds mutual benefits were derived from the business arrangement [between Mr. Sutter and the Jarvis defendants]. ... [Mr. Sutter] has failed to show that he is entitled to damages for loss of profit, loss of parts converted to the [Jarvis] defendant[s'] use, loss of the computer programs for the manufacture of the parts, loss of the molds made at the [Jarvis] defendant[s'] facility, or the value of services allegedly provided by [Mr. Sutter]. Likewise, any claim for unjust enrichment is without merit ... [as] it is clear to the [c]ourt that both parties benefitted from the relationship for six years, and there is insufficient evidence to sustain a finding of unjust enrichment ....
>
> The [c]ourt further finds that [Mr. Sutter] is entitled to the return of any parts or property owned by [him] that remain in the possession of the [Jarvis] defendant[s].

A judgment in accordance with the court's ruling, which ordered the Jarvis defendants to return all of Mr. Sutter's parts and property in their possession within thirty days and denied all other claims asserted by Mr. Sutter, was signed on October 15, 2020. Both the court's reasons for judgment and the October 15, 2020 judgment were silent with respect to the Jarvis defendants' reconventional demand.[1] Thereafter, on October 19, 2021, the Jarvis defendants filed a motion to voluntarily dismiss their reconventional demand with prejudice. This motion was served on Mr. Sutter pursuant to La. C.C.P. art. 1313(A)(1), and the court signed the judgment dismissing the matter with prejudice on October 22, 2021.

Meanwhile, following the court's signing of the October 15, 2020 judgment, Mr. Sutter filed a motion for new trial. In opposition to Mr. Sutter's motion for new trial, the Jarvis defendants submitted the affidavit of Mr. Jarvis, which was dated

---

[1] Generally, silence in a judgment as to any issue, claim, or demand before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. **Schoolhouse, Inc. v. Fanguy**, 2010-2238 (La. App. 1st Cir. 6/10/11), 69 So.3d 658, 664. Thus, the court's silence as to the Jarvis defendants' reconventional demand was considered a denial of the relief sought. Nevertheless, as detailed hereinafter, the Jarvis defendants subsequently voluntarily dismissed their reconventional demand.

April 19, 2021, wherein Mr. Jarvis attested that, following trial, he brought Mr. Sutter's property in his possession to Patrick Berrigan, the attorney who represented the Jarvis defendants in the matter, and that he had no other property belonging to Mr. Sutter in his possession. According to a letter dated October 13, 2020, that Mr. Berrigan wrote to Mr. Sutter, all of Mr. Sutter's property that was in the possession of the Jarvis defendants was returned to Mr. Sutter in person. A hearing on Mr. Sutter's motion for new trial was held on September 22, 2021, and the motion was denied. The court signed a judgment denying Mr. Sutter's motion for new trial on March 17, 2022. It is undisputed that Mr. Sutter did not appeal or otherwise seek review of any of the judgments in *Sutter I*.

On March 17, 2023, Mr. Sutter commenced the instant proceeding seeking damages for malicious prosecution and nullification of a judgment based on fraud or ill practice ("*Sutter II*"). The Jarvis defendants and their attorney from *Sutter I*, Mr. Berrigan, were named as defendants. In the petition in *Sutter II*, Mr. Sutter admitted that he previously filed suit in *Sutter I* seeking damages for breach of contract and that the Jarvis defendants had responded with a reconventional demand against him seeking damages. Mr. Sutter also admitted that the matter proceeded to trial, and the court rendered judgment dismissing most of his breach of contract claims and ordering the Jarvis defendants to return his property. Mr. Sutter further admitted that the Jarvis defendants' reconventional demand was not adjudicated at trial and that the Jarvis defendants subsequently obtained a judgment voluntarily dismissing their reconventional demand, which he claimed was impermissible and in violation of law. Mr. Sutter asserted that the court in *Sutter I* did not apply the law, that its ruling on his action for breach of contract denied him access to justice, and that its judgment was based on fraud perpetrated by the Jarvis defendants and Mr. Berrigan. Therefore, Mr. Sutter sought to challenge the court's factual findings and ruling in *Sutter I* regarding his request for damages for breach of contract and to

4

nullify both of the substantive judgments in *Sutter I*, *i.e.*, the October 15, 2020 judgment and the October 22, 2021 judgment, for fraud and ill practice. In the *Sutter II* petition, Mr. Sutter also asserted a claim for malicious prosecution against the Jarvis defendants and Mr. Berrigan for filing the reconventional demand for damages against him, claiming that it was filed "to intimidate and harass" him because that claim was not pursued at trial but rather, was voluntarily dismissed after trial.

In response to the *Sutter II* petition, the Jarvis defendants filed a peremptory exception raising the objections of *res judicata* (as to Mr. Sutter's challenge to the *Sutter I* court's factual findings and rulings on the breach of contract claims),[2] peremption (as to the claim for nullity of the October 15, 2020 and October 22, 2021 *Sutter I* judgments for fraud and/or ill practice),[3] and prescription (as to malicious prosecution claim). Mr. Berrigan joined the Jarvis defendants in their exception, seeking the dismissal of Mr. Sutter's claims against him. After a hearing on August 25, 2023,[4] the trial court sustained the objections and ordered Mr. Sutter to pay $500.00 in attorney fees pursuant to La. C.C.P. art. 2004(C).[5] A judgment in accordance with the trial court's rulings, sustaining the objections of *res judicata*, peremption, and prescription, and further dismissing the plaintiff's petition was signed on September 13, 2023. From this judgment, Mr. Sutter appeals.

---

[2] With regard to the breach of contract claims, the Jarvis defendants alternatively asserted the declinatory exception raising the objection of *lis pendens*. However, the trial court sustained the peremptory exception raising the objection of *res judicata*.

[3] With regard to claim that the two substantive judgments in *Sutter I* were null, the Jarvis defendants alternatively asserted the peremptory exception raising the objection of no cause of action. However, the trial court sustained the peremptory exception raising the objection of peremption. Because we find, for reasons detailed herein, that the trial court's ruling on peremption was correct, we need not address or discuss the objection of no cause of action with regard to the nullity of the judgments.

[4] The trial court also issued written reasons for judgment on November 29, 2023.

[5] Louisiana Code of Civil Procedure article 2004(C) provides that "[t]he court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on …[the] grounds [of fraud or ill practice]."

## LAW AND DISCUSSION

### *Res Judicata*

*Res judicata* is designed to promote judicial efficiency and final resolution of disputes, and generally precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment. **Sutton v. Adams**, 2022-01672 (La. 3/7/23), 356 So.3d 1038, 1042; **Avenue Plaza, L.L.C. v. Falgoust**, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1079. *Res judicata* may be raised by peremptory exception. See La. C.C.P. art. 927(A)(3). In this case, the peremptory exception raising the objection of *res judicata* pertained to Mr. Sutter's challenge to the *Sutter I* court's factual findings and rulings on the breach of contract claims.

Louisiana Revised Statutes 13:4231 sets forth the general principles for *res judicata* as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment

Under this statute, the Louisiana Supreme Court has emphasized that all of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the

time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053. For purposes of *res judicata*, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Id.* Likewise, for purposes of La. R.S. 13:4231, a final judgment is one that disposes of the merits in whole or in part. *Id.*; see also La. C.C.P. art. 1841.

Notably, Mr. Sutter admitted in his petition in *Sutter II* that he previously filed the *Sutter I* petition seeking damages for breach of contract, that the matter proceeded to trial, and that the court rendered the judgment dismissing most of his breach of contract claims and ordering the Jarvis defendants to return his property. Notwithstanding these admissions, Mr. Sutter seeks to challenge the court's factual findings and ruling in *Sutter I* regarding his request for damages for breach of contract.

In support of the objection of *res judicata*, the following pertinent pleadings from *Sutter I*, which were detailed hereinabove, were offered: Mr. Sutter's petition; the court's August 20, 2020 reasons for judgment; the October 15, 2020 judgment on the merits; the Jarvis defendants' motion to dismiss their reconventional demand; the October 22, 2021 judgment of dismissal of the recoventional demand; and the March 17, 2022 judgment denying Mr. Sutter's motion for new trial.

Based on these pleadings and Mr. Sutter's petition, we find that the October 15, 2020 judgment on the merits is valid, as it was rendered by court with jurisdiction over both the subject matter and the parties after proper notice was given; that the October 15, 2020 judgment is final because it disposes of the merits of Mr. Sutter's

7

breach of contract claims;[6] that the parties in *Sutter II* are the same as the parties in *Sutter I*, that the cause of action relative to breach of contract asserted in *Sutter II* existed at the time of October 15, 2020 judgment in *Sutter I*, and that the cause of action asserted in *Sutter II* arose out of the same transaction or occurrence that was the subject matter of *Sutter I*. Therefore, the trial court correctly found that *res judicata* barred Mr. Sutter's claims in *Sutter II* relative to breach of contract, and its judgment sustaining the peremptory exception raising the objection of *res judicata* and dismissing claims relative to breach of contract is affirmed.

## Peremption

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, this right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. The objection of peremption is raised by a peremptory exception. La. C.C.P. art. 927A(2). In this case, the peremptory exception raising the objection of peremption pertained to Mr. Sutter's claims that the October 15, 2020 and October 22, 2021 judgments in *Sutter I* should be annulled because they were obtained by the fraud and/or ill practice of the Jarvis defendants and Mr. Berrigan. These claims are based on La. C.C.P. art. 2004, which provides:

> A. A final judgment obtained by fraud or ill practices may be annulled.
>
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
>
> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

---

[6] We note that Mr. Sutter suggests that the October 15, 2020 judgment was not a valid or final judgment because it did not specifically list the parts and property owned by Mr. Sutter that were in the possession of the Jarvis defendants that had to be returned to Mr. Sutter. While this lack of specificity in the October 15, 2020 judgment could have been construed as a deficiency in the decretal language had that judgment been appealed, it does not affect that judgment's validity or finality for purposes of *res judicata*. See **Burguieres**, 843 So.2d at 1053 (providing that for purposes of *res judicata*, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given and a final judgment is one that disposes of the merits in whole or in part).

In this case, Mr. Sutter filed his petition seeking to nullify the October 15, 2020 and October 22, 2021 judgments in *Sutter I* on March 17, 2023, which was more than one year after those judgments were rendered. Mr. Sutter did not allege the date or dates upon which he discovered the purported fraud or ill practice upon which he claimed those judgments were based. However, he did allege that, with respect to his claim for damages for breach of contract, the fraud commenced with Mr. Jarvis's trial testimony relative to his retention and sale of "slide valve parts" and continued with the submission of Mr. Jarvis's affidavit attesting that Mr. Jarvis had given Mr. Sutter's property to Mr. Berrigan and Mr. Berrigan's letter to Mr. Sutter that Mr. Sutter's property had been returned to him.

In support of the objection of peremption with regard to the purported nullity of the October 15, 2020 judgment from *Sutter I*, the judgment itself, a portion of Mr. Jarvis' trial testimony, the affidavit of Mr. Jarvis, and the letter of Mr. Berrigan were offered. As previously noted, the trial of this matter (and thus Mr. Jarvis's trial testimony) occurred on August 7, 2020. Also as previously noted, the affidavit of Mr. Jarvis was dated April 19, 2021, and, the letter of Mr. Berrigan was dated October 13, 2020. Further, as previously noted, the information contained in these documents were relied upon by the Jarvis defendants in opposition to Mr. Sutter's motion for new a trial that he filed in response to the October 15, 2020 judgment, which motion was heard by the court on September 21, 2021. Although it is not clear from the petition in *Sutter II* how Mr. Jarvis's testimony and affidavit and Mr. Berrigan's letter constituted fraud, Mr. Sutter would have had knowledge of Mr. Jarvis's trial testimony and the information contained in those documents, and hence would have "discovered" any purported fraud, on the date his motion for new trial was heard—September 21, 2021. As such, Mr. Sutter's action seeking to nullify the October 15, 2020 judgment in *Sutter I*, which was filed on March 17, 2023—well

9

beyond one year following his discovery of the purported fraud—was untimely and thus, perempted.

As to the purported nullity of the October 22, 2021 judgment in *Sutter I*, Mr. Sutter made no factual allegations of fraud. Rather, he contends that it was legally or procedurally improper, *i.e.* that it was obtained by ill practice. As previously set forth, the October 22, 2021 judgment was rendered by the court in response to the Jarvis defendants' motion for the voluntary dismissal of their reconventional demand. The voluntary dismissal of a party's claim is specifically authorized by La. C.C.P. art. 1671, which provides:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

As previously detailed, the Jarvis defendants (as plaintiffs-in-reconvention) moved to voluntarily dismiss their reconventional demand after trial (after the appearance of record by Mr. Sutter, the defendant-in-reconvention), and Mr. Sutter was served with notice of this motion and its order. Thereafter, the October 22, 2021 judgment was signed by the court in *Sutter I,* dismissing the action with prejudice. To the extent that Mr. Sutter contends that the Jarvis defendants' voluntary dismissal of their reconventional demand and the judgment signed by the court granting the same was, for some reason, legally or procedurally improper, his action seeking to nullify the October 22, 2021 judgment, was not filed until March 17, 2023, well beyond one year after he obtained knowledge of the dismissal or discovered any purported ill practice by the Jarvis defendants and Mr. Berrigan in obtaining that dismissal. Thus, Mr. Sutter's action seeking to nullify the October 22, 2021 judgment was untimely and perempted.

Therefore, we find no error in and affirm the trial court's judgment sustaining the peremptory exception raising the objection of peremption with regard to Mr.

Sutter's action seeking to nullify the October 15, 2020 and October 22, 2021 judgments in *Sutter I* and dismissing those claims.

Lastly, with regard to the Mr. Sutter's nullity action, we note that in accordance with La. C.C.P. art. 2004(C), the trial court ordered Mr. Sutter to pay attorney fees in the amount of $500.00. Based on our review of the record and the work performed in response to Mr. Sutter's action for nullity, we cannot say that the trial court's award was an abuse of its vast discretion. Therefore, we affirm the trial court's judgment in this regard.

## Prescription

Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. The objection of prescription is raised by a peremptory exception. La. C.C.P. art. 927A(1). In this case, the peremptory exception raising the objection of prescription pertained to Mr. Sutter's action for malicious prosecution, which was based on the Jarvis defendants' filing of and subsequent dismissal of their reconventional demand for damages against Mr. Sutter in *Sutter I*.

The tort of malicious prosecution derives from the fault-reparation principles of La. C.C. art. 2315. **Way-Jo, L.L.C. v. Anthony**, 2020-0361 (La. App. 1st Cir. 12/30/20), 319 So.3d 341, 349, writ not considered, 2021-00396 (La. 5/11/21), 315 So.3d 869. Thus, a claim for malicious prosecution is subject to the one-year liberative prescriptive period for delictual actions. See **Murray v. Town of Mansura**, 2006-355 (La. App. 3rd Cir. 9/27/06), 940 So.2d 832, 838, writ denied, 2006-2949 (La. 2/16/07), 949 So.2d 419, cert. denied, 552 U.S. 915, 128 S.Ct. 270, 169 L.Ed.2d 197 (2007); see also La. C.C. art. 3492 (providing that delictual actions are generally subject to a liberative prescription of one year, running from the day

injury or damage is sustained).[7] However, the cause of action arises, and prescription begins to run, only after the underlying prosecution or suit is dismissed or terminated. **Murray**, 940 So.2d at 838.

In support of the objection of prescription, the Jarvis defendants' motion for voluntary dismissal of their reconventional demand and the court's October 22, 2021 judgment dismissing same was relied on. Thus, the underlying prosecution or suit on which Mr. Sutter based his claim for malicious prosecution was dismissed or terminated on October 22, 2021. As such, Mr. Sutter had one year from October 22, 2021 to file a malicious prosecution claim; however, he did not file his action until March 17, 2023, almost seventeen months later. Therefore, Mr. Sutter's action for malicious prosecution was prescribed, and the trial court correctly sustained the objection of prescription and dismissed Mr. Sutter's action for malicious prosecution.

## CONCLUSION

For all of the above and foregoing reasons, the September 13, 2023 judgment of the trial court sustaining the peremptory exception raising the objections of *res judicata*, peremption, and prescription, dismissing Mr. Sutter's petition seeking damages and nullification of judgments, and ordering Mr. Sutter to pay $500.00 in attorney fees is affirmed.

All costs of this appeal are assessed to the plaintiff/appellant, Malcolm H. Sutter, III.

**AFFIRMED.**

---

[7] We recognize that, pursuant to 2024 La. Acts, No. 423, §§1 and 2, eff. July 1, 2024, La. C.C. art. 3492 was repealed in its entirety and that La. C.C. art. 3493.11 was enacted to provide that delictual actions are subject to a liberative prescriptive period of two years, which commences to run from the day injury or damage is sustained. However, these changes have prospective application only and apply to delictual actions arising after July 1, 2024. See 2024 La. Acts, No. 423, §3. Thus, these changes in the law do not apply to Mr. Sutter's malicious prosecution claim.

12

MALCOLM H. SUTTER, III

VERSUS

DAVID JARVIS, JARVIS TECH, INC., AND PATRICK BERRIGAN

**GUIDRY, C.J., dissents in part and assigns reasons.**

**GUIDRY, C.J., dissenting in part.**

The October 15, 2020 judgment is not nor has it ever been a final judgment, as it fails to dismiss the claims for which the judgment denies Mr. Sutter relief. See Sauce v. Burke, 22-0541, p. 7 (La. App. 1st Cir. 11/7/22), 356 So. 3d 439, 445 (involving a judgment that "denied" the plaintiff relief, wherein this court held "[t]he absence of decretal language dismissing the petition renders the judgment defective, and thus, ***cannot be considered a final judgment*** for purposes of an appeal."). (Emphasis added.) As such, I agree that the current petition seeking in part to nullify the October 15, 2020 judgment was properly dismissed, because a nullity action can only be sought with respect to a final judgment. See La. C.C.P. art. 2004 ("A final judgment obtained by fraud or ill practices may be annulled."). I also agree that the objection of peremption as to the nullity of the October 22, 2021 judgment and the objection of prescription as to the malicious prosecution claim were properly sustained, but as for the October 15, 2020 judgment, I disagree that the objections of peremption and *res judicata* were properly sustained as to that judgment.

As previously mentioned, since a nullity action cannot be maintained with respect to the October 15, 2020 judgment (because the judgment is not a final

1

judgment), there are no grounds to find the nullity action perempted. Hence, rather than holding Mr. Sutter's claim of nullity with respect to the October 15, 2020 judgment perempted, this court should, on its own motion, hold that he does not have a cause of action to claim nullity of the judgment as it is not a final judgment. Moreover, as the October 15, 2020 judgment is not nor has it ever been a final judgment, *res judicata* likewise cannot attach to the judgment.

In Ted Hebert, LLC v. Infiniedge Software, Inc., 13-2052, pp. 3-4 (La. App. 1st Cir. 9/19/14), 2014 WL 4669188, at *2, on supervisory review, this court reversed the trial court and sustained a peremptory exception raising the objections of no right of action, no cause of action, and peremption with respect to the plaintiff's claims under the Private Works Act. However, while the writ application was pending before this court, the plaintiff amended its petition to assert a breach of contract claim. The defendant filed a peremptory exception raising the objection of *res judicata* regarding the newly added claim, and the trial court sustained the objection. In the subsequent appeal, this court reversed the judgment sustaining the objection of *res judicata*, finding that its earlier writ action could not be treated as a final judgment for purposes of *res judicata* because the writ action did not contain decretal language dismissing any or all of the plaintiff's claims. Ted Hebert, LLC, 13-2052 at p. 10, 2014 WL 4669188 at *5.

Further, I disagree with the pronouncement made in footnote six of the majority opinion that the deficiency in the decretal language of the October 15, 2020 judgment does not affect the validity and finality of the judgment for *res judicata* purposes. To reach that conclusion, it appears the majority improperly relies on Burguieres v. Pollingue, 02-1385 (La. 2/25/03), 843 So. 2d 1049 as support for that pronouncement.

In Burguieres, the appellate court sustained an objection of *res judicata* after finding that the trial court had erroneously overruled the objection. Before the

2

supreme court, the plaintiffs argued that the appellate court's opinion was ambiguous as it only sustained the peremptory exception raising the objection of res judicata, but did not dismiss the case. The supreme court rejected this argument, stating the following:

> While plaintiffs are correct in their assertion that the court of appeal *did not explicitly dismiss* their suit, *we read* the court of appeal's *opinion* to mandate a dismissal of their suit in its entirety. The court of appeal's *opinion* clearly holds that the instant lawsuit is *barred* by operation of La. R.S. 13:4231, the res judicata statute. We therefore construe the judgment under review as one granting defendants' exception of res judicata, thereby dismissing plaintiffs' suit in its entirety.

Burguieres, 02-1385 at p. 5, 843 So. 2d at 1052 (emphasis added).

So, in essence, the supreme court interpreted the appellate court's ruling to contain proper decretal language, and in so finding, the supreme court went on to determine whether *res judicata* attached to the ruling, which is the portion of the opinion that the majority cites in the instant case. Thus, prior to discussing the *res judicata* effect of the judgment, the supreme court confirmed that the judgment was in fact "final." Hence, the majority opinion's reliance on the Burguieres case to support the proposition that "a deficiency in the decretal language ... does not affect [the] judgment's validity or finality for purposes of *res judicata*" is misplaced.

Relevantly, La. R.S. 13:4231 provides that "a *valid* and final judgment is conclusive between the same parties, *except on* appeal or other direct review." (Emphasis added.) In Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La. 7/2/96), 676 So. 2d 1077, 1079, the Louisiana Supreme Court stated "[a] final judgment from which there *can be no* appeal acquires the authority of the thing adjudged." (Emphasis added.) Likewise, in Buck v. Deutsche Bank, 01-1653 (La. App. 1st Cir. 11/9/11), 2011 WL 5408499, at *5, writ denied, 11-2708 (La. 2/10/12), 80 So. 3d 489, this court held:

3

A final judgment from which there can be no appeal acquires the authority of the thing adjudged (i.e. res judicata). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error.

As acknowledged in the majority opinion, the October 15, 2020 judgment has never been appealed, and properly so, as the judgment is not a final judgment, it cannot be appealed. Therefore, Mr. Sutter's original suit arguably remains pending. Accordingly, I respectfully dissent in part to the affirmance of the trial court judgment sustaining the objection of *res judicata* and peremption as discussed herein.